R. R. RICOU AND SONS COMPANY, a Corporation, (Complainant below) *Appellant*, v. A. D. MERWIN and his wife, MABELLE L. MERWIN, A. H. WARNER and his wife, ANNA C. WARNER, JULIA S. POPE, FRANK W. POPE, and his wife, MARIA D. POPE, JOHN H. POPE, CHARLES S. POPE and his wife, STELLA POPE, D. RANDALL POPE and his wife, RUTH POPE, JULIA SKILLEN and her husband, GEORGE A. SKILLEN, and SEMINOLE BANK, a corporation under the Laws of the State of Florida, (Defendants below) *Appellees.*

Division A.

Opinion filed July 12, 1929.

Petition for rehearing denied September 16, 1929.

*Dame & Rogers,* for Appellant;

*C. P. Garrett* and *W. M. Toomer,* for Appellees.

BROWN, J.—Appellant filed a bill to quiet title against A. D. Merwin and others in the Circuit Court of St. Lucie County on the 23rd day of July, A. D. 1925. The transcript states that: ''The original bill of complaint in the above style cause has been lost, a transcript of a purported copy of an original bill of complaint in this cause is herewith given in words and figures as follows:'' There is nothing in the transcript which shows that the ''purported copy'' of the original bill had been adjudicated by the court as being a correct copy and allowed to be filed in the place of the original, or that it was in fact a correct copy, of the lost bill. Martin County was created by Act of the Legislature approved May 30, 1925, which became effective in August, 1925. Defendants A. D. Merwin and wife and A. H. Warner and wife filed their joint and several answer and cross bill on September 1, 1925, in the office of

the clerk of the Circuit Court of St. Lucie County. This should have been filed in the Circuit Court of Martin County. The papers in the case were subsequently transferred to the clerk of the Circuit Court in Martin County. The cross bill portion of this combined answer and cross-bill refers to itself in the body thereof as a cross bill. The cross-complainants claimed title to the property described in the original bill and sought to quiet the title to the same against the complainant and their co-defendants in the original bill. The transcript does not show any service of process whatsoever under the cross bill. There is merely a recital of such service in the decree *pro confesso* later granted. On November 3, 1925, on motion of the complainant in the original bill, the court ordered that complainant have twenty days after the return of the original court file in which to plead to the cross bill. It seems that the file was then in the possession of solicitors of the cross-complainant who resided in another county. This motion by complainant for additional time to answer the cross-bill dispensed with the necessity of showing service of process on it. On December 7, 1925, counsel for cross-complainants filed a *praecipe* for decree *pro confesso* for failure to plead to the cross bill and on that date a decree *pro confesso* was entered by the clerk which recited that due and legal service had been had upon the defendants, naming the complainant and the co-defendants of the cross-complainants, and that they had failed to plead, answer or demur on the rule day next succeeding the return day. Then follows the order in these words: ''It is hereby ordered and decreed that the bill of complaint be taken as confessed, and that the cause be proceeded with *ex parte.*'' On April 27, 1925, over four months afterward, the complainant in the original bill filed a motion to open and set aside the decree *pro confesso* and to allow the complainant to answer the

defendants' cross bill, which alleged in general terms only that complainant had a good and meritorious defense to said cross bill and that the court had granted a period of twenty days after the return of the original court files to plead to said cross bill; that the original files had not been returned on November 2, 1925, and that when they were returned by counsel for the cross-complainants, the original bill was not among the papers, as shown by attached affidavit of the clerk. The court denied this action, reciting in its order that it appeared that the bill of complaint had not been sent to counsel for cross-complainants. The record does not indicate what became of the lost bill, or who lost it. Motion for final decree was filed by counsel for the cross-complainants and a final decree rendered in their favor, on June 30, 1926, according to the decree itself, though the transcript recites that it was filed and recorded on June 5, 1926. From this decree the complainant in the original bill took this appeal on December 29, 1926.

If the final decree was filed and entered on June 5th, as stated in the transcript, the appeal taken on December 29th was too late, though it was within the time if the date of rendition as given by the chancellor, June 30th, in the decree itself, is correct, for obviously the decree could not have been filed and recorded before it was rendered and signed by the chancellor. Appellees filed a motion to dismiss this appeal on another ground, which was denied. See Ricou & Sons Co. v. Merwin, 113 So. R. 745, 94 Fla. 86. As there has been no motion to dismiss on the ground that the appeal was not taken within six months from the entry of the final decree, it is probable that the decree was in fact entered subsequent to its rendition on June 30th, 1926. However, this inconsistency in the record, on so vital a point, is not explained by the transcript, and leaves the

question clouded with some doubt, which doubt we will resolve in favor of appellant.

The transcript in this case is very defectively prepared. The papers filed in the case are not transcribed in their chronological order, which has made consideration of the case difficult. It will have been observed that the decree *pro confesso* was defective in that it decreed "that the bill of complainant be taken as confessed," instead of the cross-bill as prayed for by counsel for the cross-complainants in their *praecipe*.

But when, over four months later, complainant moved for the opening up of the decree *pro confesso*, the motion was based on other grounds, and no objection was made in any way to the irregularities above pointed out in the decree *pro confesso*. Both sides, and the chancellor also, appear to have assumed that the decree *pro confesso* was sufficient in form, as a decree *pro confesso* in favor of the cross-complainants and against the complainant and the other parties defendant to the cross-bill, therein named. The court refused to set it aside, and subsequently rendered a final decree based thereon. We cannot, under all the circumstances, say that the chancellor abused his discretion in denying the motion to open and set aside the decree *pro confesso*, on the grounds stated in the motion. The failure of the court file to contain the bill, when returned to the clerk, could hardly have prejudiced the complainant, who must have been presumed to have known what his bill contained.

The refusal of the court to open the decree *pro confesso* and the subsequent final decree based thereon may be deemed to have had the effect of curing the defect in the *pro confesso* and confirming it as valid. But whether this was or was not the effect of the court's action; the appellant is not, under the circumstances disclosed by the record,

in a position to question the sufficiency of the decree *pro confesso* in the respect pointed out, for the first time, in the appellate court.

The decree appealed from will therefore be affirmed.

Affirmed.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.