STEPHENSON, GUNTER, Associate Judge.
This cause was instituted by the filing of a complaint by Lucor Corporation, a New York corporation, against Jean IT. Filloux, the defendant, making certain claims concerning the ownership and possession of the boat, “Arpege,” which was registered in the name of the defendant. It was asserted that the plaintiff, Lucor, constructed the boat and claimed ownership under certain oral agreements. The complaint further asserted that the defendant is a French national who, the plaintiff believed, was about to remove himself and the boat from the jurisdiction. Consequently the boat was attached pending outcome of the suit.
Filloux, the appellee, answered and counterclaimed and in addition filed a cross-claim against Edward L. Cournand, the appellant, who is an officer of and interested in the plaintiff corporation. Fil-loux also filed a motion to join appellant and the plaintiff corporations as co-defendants under the cross-claim.
Appellee in his answer alleged that it was his idea to build the “Arpege” for furtherance of his scientific studies, that the boat was built for him with the financial assistance of appellant and other donors, that in return appellee was to render certain service for the appellant in the nature of publicity for the products of the appellant’s corporations, and that the arrangements were with appellant personally. Ap-pellee says the boat was a project sponsored by appellant and certain of his corporations.
The cross-claim arises from the same factual situation with which the complaint and answer are concerned. Count one seeks damages for injuries to appel-lee’s reputation, for loss of prestige and business opportunities, all of which are alleged. Count two seeks damages for alleged slander.
The appellant, who is the cross-defendant, is a non-resident of this state. He appeared specially and moved to dismiss the cross-claim for lack of jurisdiction over his person. The court, on December 9, 1958, granted appellee’s motion to join Cournand as a party defendant, and denied Command's motion to dismiss the cross-claim, stating:
“The motion of Edward L. Cour-nand to dismiss the Crossclaim filed against him is hereby denied; recognizing however that this Court does *735 not have jurisdiction over the person of Edward L. Cournand at this time.”
Subsequently Cournand again appeared specially and moved to vacate the order, or in the alternative, to rule whether he would be immune from service of process if he appeared to testify for the plaintiff, Lucor Corporation. On January 19, 1959, the court denied the motion to vacate and apparently declined to rule on the alternative motion pertaining to immunity of Cournand as a witness. Cournand brought this interlocutory appeal directed to the orders of December 9, 1958, and January 19, 1959.
Thus, the question:
“Where a defendant filed a cross-bill against a non-resident individual, who is not an original party to the cause, and where the non-resident individual moved to dismiss the cross-bill on the ground that the court does not have jurisdiction over his person, and where the court recognized its lack of jurisdiction over the non-resident individual, should the court dismiss the cross-bill?”
It is an established rule of practice in equity that, unless modified by statute or court rule, a cross-bill or an answer in the nature of a cross-bill filed by a defendant asking relief against the complainant in the original bill is a separate independent suit against such complainant, and that service of process on him is necessary to give the court jurisdiction of his person unless process and service is waived or there is a submission to jurisdiction by pleading. 96 A.L.R. 990.
Our present Rule 1.13(8) of the Florida Rules of Civil Procedure, 30 F.S.A., provides :
“(8) Additional Parties May Be Brought In. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination, of a counter-claim or cross-claim, the court shall order them to be brought, in as defendants if jurisdiction of them, can be obtained, and their joinder will not deprive the court of jurisdiction of the action.”
The above rule is an adaptation of subsection (4) of Equity Rule 35, Chancery Act, F.S.A. § 63.35. The rule also is identical with subsection (8) of F.S.A. § 52.11.. The prevailing view is that new parties maybe brought in as defendants to a cross-bill which arises out of the original transaction, if their presence seems to be necessary to a proper determination of the matters involved in the cross-bill or if the cross-bill seeks appropriate affirmative relief and the new parties are necessary to, the granting of such relief. Florida Fuel Oil, Inc. v. Springs Villas, Inc., Fla. 1957, 95 So.2d 581; Osius v. Barton, 109 Fla. 556, 147 So. 862, 88 A.L.R. 394; Byrne-Realty Co. v. South Florida Farms Co., 81 Fla. 805, 89 So. 318, and 19 Am.Jur. Equity Sec. 330. Of course, to properly bring before the court the new party named in the cross-bill as defendant, service of process is necessary.
While there is no Florida decision directly on point, in R. R. Ricou & Sons Co. v. Marwin, 1929, 98 Fla. 146, 123 So. 525, the court held that since the complainant in the original bill moved for additional time in which to answer the cross-bill, this dispensed with necessity of showing service of process thereon. It is uniformly held that the defenses to the cross-bill and the manner of presenting them are the same as in the case of an original bill in equity. 30 C.J.S. Equity § 387; 19 Am.Jur., Equity, Sec. 334.
The correct method to follow in pleading matters of defense is found in Rule 1.11 (b), Florida Rules of Civil Procedure, wherein is stated:
“Every defense, in law or fact, to a claim for relief in any pleading, *736 whether a claim, counterclaim or cross-claim, shall be asserted in the responsive pleading thereto if one is required; except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, * * * (Emphasis added.)
It is apparent from the record that appellant presented the lack of jurisdiction of the lower court of his person by motion in accordance with the above rule; and since that motion was denied, the issue is whether or not the court should have granted the motion.
Although courts of equity have broad powers, they cannot create rights nor can they over-step the substantive law concerning jurisdiction. In 14 American Jurisprudence, Courts, Sec. 167, at page 368, it is stated:
“Par. 168. Test of Jurisdiction.— Every court of general jurisdiction has power to determine whether the conditions essential to its exercise exist. In fact, it must, of its own motion, always consider the question of its jurisdiction over any matter brought before it, although not raised by the parties, since it is bound to take notice of the limits of its authority.
“In the determination of jurisdiction the question is whether the court has power to enter upon the inquiry, whether on the case before it its action is judicial or extra-judicial, with or without the authority of law, to render a judgment or decree upon the right of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction. Having acquired jurisdiction the court may proceed until it is judicially informed that its jurisdiction over the cause has been suspended. In the absence of jurisdiction the court cannot proceed at all, but must announce the fact and dismiss the cause.”
It is to be noted that in the instant case the cross-bill sought an in personam judgment against the. appellant. In order for the lower court to have the power to entertain this cross-bill, personal jurisdiction was a prerequisite. No court can exercise its authority over a non-resident unless he has voluntarily appeared or is within the jurisdiction of the court so that process may be served on him. Beverly Beach Properties v. Nelson, Fla.l953, 68 So.2d 604, 41 A.L.R.2d 1071, certiorari denied Rensta v. Beverly Beach Properties, 348 U.S. 816, 75 S.Ct. 27, 99 L.Ed. 643. But in the instant case the appellee had not made service of process, nor had any effort been made to effect substituted service. However, appellant appeared specially to contest the power of the lower court to entertain the cross-bill. Upon recognizing the lack of jurisdiction over appellant, as evidenced by the court’s order, the chancellor should have dismissed the cross-bill unless the circumstances justified the chancellor in his discretion to defer ruling on the motion until the trial of the original proceeding. However, as has been noted previously, the chancellor did not defer ruling as he could have done pursuant to Rule 1.11(d) of Florida Rules of Civil Procedure.
The appellant had stated that he desired to appear as a witness in behalf of his corporation’s original cause of action. In fact, the other point raised on this appeal is based on the refusal of the lower court to rule on whether appellant would be subject to personal service if he appeared specially as a witness in the main proceeding. Regarding this point we note in passing that due to the prematureness of raising this issue, the chancellor properly declined to render an advisory opinion. Although the chancellor would be justified in considering the possibility of appellant coming to Florida to testify regardless of the im *737 munity issue, we hold that the lower court’s order denying appellant’s motion to dismiss the cross-bill be reversed but without prejudice to the appellee to file a cross-bill at such time as it would appear that jurisdiction could be acquired over the appellant. This will enable the main cause to proceed and if appellant appears as a witness during the litigation, the issues of jurisdiction and immunity could be considered if properly and timely raised at that time.
Affirmed in part and reversed in part.
KANNER, Acting Chief Judge, and SHANNON, J., concur.