275 So.2d 270 (1973)
Patricia RUSSELL, Appellant,
v.
Charles GANS and Marcella Gans, His Wife, Appellees.
No. 72-1432.
District Court of Appeal of Florida, Third District.
March 27, 1973.
*271 Copeland, Therrel, Baisden & Peterson and Howard A. Setlin, Miami Beach, for appellant.
Fuller, Brumer, Moss & Cohen, Horton, Schwartz & Perse, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an interlocutory appeal from an order impleading Patricia Russell as individual defendant and issuance of a rule to show cause why a judgment held by Charles Gans and Marcella Gans against Patricia Russell Designs, Inc., a Florida corporation, should not be satisfied out of the assets of Patricia Russell.
The question involved is whether or not the appellees made a sufficient prima facie case for a rule to show cause to issue. It is this court's opinion that they did not. Specifically, some showing of fraud should have been made or at least a showing that may lead to fraud or a showing that the funds of the corporation were improperly funneled into Patricia Russell's control for her personal use.
It is well established that the corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them. Delta Air Lines, Inc. v. Wilson, Fla.App. 1968, 210 So.2d 761 and cases cited therein.
Further, the mere fact that Patricia Russell owns and controls the stock structure of Patricia Russell Designs, Inc. does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of Patricia Russell to the extent that the debts of the corporation should be imposed upon her personally. See Advertects, Inc. v. Sawyer Industries, Inc., Fla. 1955, 84 So.2d 21.
Our decision is somewhat governed by Riley v. Fatt, Fla. 1950, 42 So.2d 769, which is factually similar to the case sub judice. There, Alonzo Riley was the president and sole stockholder of Riley Building, Inc. which was inactive. The corporation failed to maintain any records and keep books. A rule to show cause was issued. However, the Florida Supreme Court reversed and held that there was no indication in the record that the corporation was organized as a subterfuge or for the purpose of enabling its members to escape, avoid or evade personal responsibility other than in a proper and legal manner. This language is equally applicable to the case at bar. Every indication is that throughout the course of the transaction from which the lawsuit and judgment arose, Charles and Marcella Gans considered that they were dealing with Patricia Russell Designs, Inc., a corporate entity, and that they treated it as such even up to the time of filing their affidavit in this supplementary proceeding. In the absence *272 of pleading and proof that the corporation was organized for an illegal purpose or to work a fraud upon them, the Gans cannot be heard to question the corporate existence but must confine their efforts to the remedies provided by law for satisfying their judgment from the assets of the corporation, if any can be found. See Riley, supra and cases cited therein.
Similarly we find from the record no evidence upon which one might reasonably conclude that Mrs. Russell disregarded the separate corporate existence of her wholly owned company. See Sapiro v. Levenstein, Fla.App. 1972, 266 So.2d 40.
Accordingly, the order appealed from is, therefore, reversed without prejudice to the appellees to inquire further into the whereabouts of any assets of the corporation if they can be found or to pursue such other appropriate remedy in law or in equity as may to appellees seem advisable and as the complete facts may justify.
It is so ordered.