HOBSON, Acting Chief Judge.
In this case plaintiff/appellant appeals an order granting defendants’ motion to dismiss with prejudice his amended complaint and complaint. The sole question on appeal is whether or not the allegations contained in the plaintiff’s amended complaint state a cause of action against the individual defendants for a violation in the sale of securities. We think the allegations were sufficient and vacate the order.
Plaintiff purchased ten shares of unregistered common stock of the defendant corporation on May 2, 1973. He was solicited to make these purchases by one Carl Adams, an officer and/or director of the corporation. Plaintiff subsequently received a certificate evidencing his ten shares of common stock. Thereafter the plaintiff learned that several disclosures concerning the corporation’s financial status had not been made known to him prior to his purchase of the stock. In essence, he believed that had the true financial arrangements been presented he would not have purchased the stock.
Plaintiff then filed a complaint against Adams Drugs, Carl Adams, James A. Stevens, Robert L. Dennard, Thomas L. Knox and Joseph F. Sacco, jointly and severally, seeking rescission from the corporate defendant (Count I) and rescission from the individual defendants (Count II) pursuant to Section 517.21(1), Florida Statutes (1975). Defendants Dennard, Knox, Sacco and Stevens moved to dismiss the complaint as to them for failure to state a cause of action. All asserted that the plaintiff failed to show that any of them “. . . personally participated or aided in any way in making the sale to the purchaser . . . ” as required by Section 517.21(1), Florida Statutes (1975). These motions were granted with leave to file an amended complaint as to Count II.
Plaintiff then filed an amended complaint, incorporating by reference the allegations as to Count I contained in the original complaint. Paragraph 15 of the amended complaint alleged -in substance that:
1) Defendant Adams personally solicited plaintiff to make the stock purchase;
2) Defendants Dennard, Sacco, Knox, Stevans and Adams knew on February 15, 1973 of a stock split in the corporation’s stock;
3) Defendant Dennard prepared the balance sheet on February 28, 1973 which contained no notation of the prior stock split even though Dennard was aware that buyers were being solicited to purchase said stock;
4) This omission of any reference to the stock split enhanced sales of the stock to the extent that had the proper notation been made plaintiff and others would not have purchased said stock;
5) Defendants Dennard, Sacco, Knox, Adams and Stevens as directors of the defendant corporation encouraged and directed said balance sheet to be approved by the corporation and distributed to plaintiff with the knowledge that it was incorrect;
6) Defendants Dennard, Knox, Adams, Sacco and Stevens became aware in mid-April of 1973 that the annual inventory of the stock in trade of the defendant corporation taken on or about March 31, 1973 evidenced a material shortage, which was the cause of a substantial loss not shown in the financial data.-
7) Defendants discussed this shortage in a corporate meeting in April 1973, but secreted such information until after plaintiff’s purchase;
8) Defendants did not update the balance sheet in the possession of plaintiff prior to his sale to reflect the inventory shortage;
9) Defendants knowingly concealed the inventory shortage after they collectively acted to produce a balance sheet for plaintiff and others as an inducement to buy said stock; and
10) The individual defendants were at all times acquainted with the true financial status of the defendant corporation, *614 solicited sales with such knowledge, and used their positions to withhold the true financial condition from plaintiff and others.
Defendants Dennard, Knox and Sacco[1] again moved to dismiss the amended complaint for failure to state a cause of action, asserting once more no demonstration of personal participation or aid in the sale to the plaintiff as required by the statute. The trial court granted this motion with prejudice.
Accepting the facts well pled as true, we find the amended complaint was sufficient to place in issue the role played, if any, by the individual defendants in the sale of the stock to the plaintiff under the auspices of Section 517.21(1), Florida Statutes (1975). In the early case of Nichols v. Yandre, 151 Fla. 87, 9 So.2d 157, 160 (1942) the Supreme Court held with respect to the language contained in Section 517.21(1), “That language implies some activity in inducing the purchaser to invest . .” (emphasis supplied)
Accord, Ruden v. Medalie, 294 So.2d 403 (Fla. 3d DCA 1974). Thus it was held in Nichols that directors who merely ratified a sale made by the president of the corporation, some five months after the sale, were not liable for any misconduct under this statute. A similar result was reached in Ruden where the defendant, an attorney, was held not personally liable for the sale of unregistered securities where his only participation in the transaction was to sign nine debentures in blank as an attesting witness and corporate secretary.
In Ruden, unlike Nichols and the case sub judice, the appeal was taken from a final judgment entered on a directed verdict for the defendant. In addition to factual differences, the posture of the case in Ruden is distinguishable. Here the presumption accorded the plaintiff on appeal from the order dismissing his complaint is such that all reasonable inferences arising from the facts will be admitted. Cf. Bond v. Koscot Interplanetary, Inc., 246 So.2d 631 (Fla. 4th DCA 1971). Plaintiff’s complaint, while not exact as to the role played, if any, by the defendants in the sale, is more than ample to place in issue: 1) knowledge on the part of some or all three defendants in their capacities as officers and/or directors as to the existence of the stock split and inventory shortages; 2) awareness that the composite (balance sheet, income statement, etc.), prepared by Dennard, would be issued and relied upon by prospective investors, despite alleged omissions as to the stock split and loss resulting from inventory shortages; and 3) acts to either conceal collectively or otherwise the existence of such financial data after issuance of the composite, the latter being utilized to induce purchasers to buy.
In essence, then, the plaintiff alleged that the sale was made to him in violation of the Florida Securities law.[2] Moreover, the plaintiff’s demand for relief is clear, i. e., rescission. Thus the complaint was sufficient to withstand the motion to dismiss for failure to state a cause of action. Fla.R.Civ.P. 1.110.
Accordingly, the order below dismissing the amended complaint and complaint with *615 prejudice is vacated and the cause reinstated. The case is remanded for proceedings consistent with the views expressed herein.
McNULTY and GRIMES, JJ., concur.

. Although the order appealed from grants the motion to dismiss the amended complaint and complaint to defendants Dennard, Knox, Sacco and Stevens, the record fails to show any motion on behalf of James A. Stevens to dismiss said amended complaint. Furthermore, the briefs filed on behalf of the defendants/appel-lees reveals that Stevens is not included as an appellee for purposes of this appeal.

. We find no merit with the defendants’ contention that plaintiff has failed to allege in either Count I or II that the subject stock transaction was not an exempt transaction under the statute. In fact we believe that all that is required to invoke the remedy under § 517.-21(1), for purposes of stating a cause of action, is some showing of a violation under the securities statute.
While defendants correctly assert that plaintiff did not allege a specific violation of the securities law, we feel the particular facts set out in paragraph 15 of the amended complaint give rise to a strong inference that a violation has occurred. See e. g. § 517.301, Fla.Stat. (1975) (Fraudulent transactions; falsification of concealment of facts). On remand defendants may require plaintiff, by way of further pleadings, to specify the particular section violated.