RAWLS, Judge.
By this interlocutory appeal, appellants, co-executors of Jacobs’ estate, seek a review of the trial court’s order striking their counterclaims and cross-claims directed toward Louisville Trust Company, American Bank & Trust Company, and Great American Management and Investment (a Massachusetts business trust formerly known as Great American Mortgage Investors).
The primary subject matter of this suit is Liberty National’s complaint to foreclose a mortgage against Robert Jacobs and others on two shopping malls. In their answer,. Jacobs’ executors (mortgagor) pled a number of affirmative defenses which alleged, inter alia, that American Bank & Trust Company and Louisville Trust Company have an interest in the subject mortgage; that by reason of certain acts on the part of the original holder of the mortgage, Great American Mortgage Investors,[1] it was, with the knowledge of Liberty, estopped to claim a default; that with Liberty’s knowledge, the loan from Great American was usurious; and the note and mortgage violated the “Florida Balloon Mortgage Statute”, Section 697.05, Florida Statutes (1975). The affirmative defenses are not involved in this appeal.
The mortgagor’s answer also set out counterclaims and cross-claims against Liberty, Louisville Trust Company, American Bank & Trust Company and Great American Mortgage Investors. Liberty moved to strike the cross-claims alleging, basically:
“1. The three entities named above, other than Plaintiff, are not parties to this action, thus, there can be no counterclaim against those entities .
2. . Defendants have not asked the Court for additional parties to be brought in and are not proceeding under the Third Party Practice Rule of the Florida Rules of Civil Procedure. . .”
The mortgagor’s answer set forth colora-ble cross-claims against the parties sought to be joined in the action arising out of the transaction that is the subject matter of the original action and which relates to the property involved in the primary action. *654 The trial court erred in striking the subject cross-claims.
Florida Rule of Civil Procedure 1.170(h) provides:
“(h) Additional Parties May be Brought In. When the presence of parties other than those to the original action is required to grant complete relief in the determination of a counterclaim or cross-claim, they shall be named in the counterclaim or cross-claim and be served with process and shall be parties to the action thereafter if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action. Rule 1.250(b) and (c) applies to parties brought in under this subdivision.”
The mortgagor’s cross-claims against parties other than those of the original action were timely filed pursuant to the provisions of Florida Rule of Civil Procedure 1.250(c).[2] Having incorporated the cross-claims in the first pleading timely filed, the mortgagor “as a matter of course” was permitted to name in the counterclaims and cross-claims other parties than those original to the action necessary to grant complete relief. As stated above, our examination of the cross-claims filed against the three entities, who were not named parties in the original action, discloses colorable grounds that meet the requirements of Rule 1.170(h). Florida Fuel Oil v. Springs Villas, 95 So.2d 581 (Fla.1957); Pan American Surety Co. v. Jefferson Construction Co., 99 So.2d 726 (Fla.3rd DCA 1958); Cournand v. Lucor Corporation, 114 So.2d 733 (Fla.2nd DCA 1959); and Marina Apts., Inc. v. Bloch, 128 So.2d 615 (Fla.3rd DCA 1963).
By way of caveat, we do not hold that each allegation pled by the mortgagor is immune to further attack. We simply hold that at the stage action was taken, the trial court erred in summarily striking the cross-claims against the three entities which were properly joined by the mortgagor.
Reversed with directions to reinstate the mortgagor’s cross-claims.[3]
McCORD, C. J., and BOYER, J., concur.

. The complaint alleged that Jacobs borrowed $500,000 from Great American in December of 1973. On March 26, 1976, Great American assigned this note and mortgage to Liberty; this foreclosure action was filed April 13, 1976.

. Fla.R.Civ.P. 1.250(c) provides:
“(c) Adding Parties. Parties may be added once as a matter of course within the same time that pleadings can be so amended under Rule 1.190(a). If amendment by leave of court or stipulation of the parties is permitted, parties may be added in the amended pleading without further order of court. Parties may be added by order of court on its own initiative or on motion of any party at any stage of the action and on such terms as are just.”

. The pleading attacked was entitled “Counterclaims and Cross-claims”. Liberty moved the court “to strike all allegations of the counterclaims and cross-claims directed toward Louisville Trust Company, a national banking association, American Bank and Trust Company, a New York banking association, and Great American Management and Investment, a Massachusetts business trust, formerly Great American Mortgage Investors, a Massachusetts business trust qualified to do business in Florida.” In the interest of clarity, we have categorized the subject matter of the motion as cross-claims although the Rules speak of “counterclaims and cross-claims”.