413 So.2d 1223 (1982)
Robert A. RYAN and Celtic Realty, Inc., a Florida Corporation, Appellants,
v.
William H. WREN, Jr., and Wanda J. Wren, Husband and Wife, Appellees.
No. 81-1566.
District Court of Appeal of Florida, Second District.
April 16, 1982.
Rehearing Denied May 14, 1982.
Joseph P. McNulty of McNulty, Moritz, Pecarek & Dickey, Largo, for appellants.
G. Robert Schultz, St. Petersburg, for appellees.
BOARDMAN, Acting Chief Judge.
Plaintiffs/appellees William and Wanda Wren brought suit to recover a real estate sales commission from defendants/appellants Robert A. Ryan and Celtic Realty Company. After a nonjury trial, final judgment was rendered in favor of the Wrens and against Ryan and Celtic in the amount of $5150 as compensatory damages and $5000 as punitive damages. After denial of their motion for rehearing, this appeal by Ryan and Celtic followed timely. We affirm in part[1] and reverse in part.
*1224 The Wrens filed a two-count complaint alleging in count one a breach of contract and in the other count an intentional interference with the Wrens' business relation; Ryan and Celtic filed a counterclaim also alleging a breach of contract and an intentional interference with their business relations.
The Wrens were employed by Celtic as real estate sales associates and Ryan, president and majority stockholder of Celtic, was their boss. While employed, the Wrens executed an exclusive right of sale listing agreement in which they agreed to list for sale their personal residence. It is the sale of this property that is the subject matter of this suit. The main thrust of the Wrens is that because they were employees of Celtic at the time of the sale, Celtic was only entitled to collect the nominal commission of $100 under existing company policy, which states that if a sales associate was in good standing at Celtic at the time of the closing of a sale of a residence owned by that associate and listed with Celtic, Celtic would at its discretion waive all but $100 of the commissions owed.
Two issues raised by Ryan and Celtic merit discussion. The first is the propriety of the trial court award of punitive damages to the Wrens. The case was tried on a breach of contract theory. True, count two of the complaint alleged that the acts of Ryan and Celtic were "done in a willful and malicious manner." However, taking the allegation as true for the purpose of pleading, the proof clearly did not establish as a matter of law that either Ryan or Celtic committed an independent tort. The act of Ryan in changing the amount of the commission to be paid does not amount to an independent tort. To sustain an award of punitive damages the breach of contract must consist of an act which "constitutes a tort which was wilfully and wantonly committed or was attended by fraud, malice, or gross negligence." Charter Air Center, Inc. v. Miller, 348 So.2d 614, 616 (Fla. 2d DCA), cert. denied, 354 So.2d 983 (Fla. 1977). In essence, the complaint does not allege any tort. There is no dispute that the transaction was closed successfully and smoothly. By agreement of the parties, the closing agent retained the commission in an interest bearing account pending the outcome of this case. The Wrens have failed to prove count two.
The second issue is whether under the facts and circumstances it was proper to hold Ryan individually liable. We think it was not. An officer of a corporation cannot be held liable in his individual capacity unless he either signed the contract in his individual capacity or unless the corporate veil was pierced or the corporate entity should be ignored because it was found to be formed or used for fraudulent purposes or where the corporation was merely the alter ego of the shareholder. Charter Air Center, Inc. The trial record does not reveal that Ryan changed the contract's amount of commission while acting in his individual capacity. The evidence did show that Ryan owned more shares than any other shareholder in the corporation, but this evidence does not reach the threshold necessary to show that the corporation was organized or employed for fraudulent purposes or was Ryan's alter ego. It was therefore improper to hold Ryan personally liable. Russell v. Gans, 275 So.2d 270 (Fla. 3d DCA 1973).
Accordingly, the final judgment is REVERSED as to the award of punitive damages against Celtic and Ryan, REVERSED as to the award of compensatory damages against Ryan, and AFFIRMED as to the award of compensatory damages plus interest and costs against Celtic.
OTT and DANAHY, JJ., concur.
NOTES
[1] The award of $5150 against Celtic is not an issue on appeal, and that portion of the final judgment is therefore affirmed.