486 So.2d 659 (1986)
WHITE-WILSON Medical Center, a Partnership, Dan Beraha, and William Thompson, Individually and As Co-Partners of the White-Wilson Medical Center, Appellants,
v.
DAYTA CONSULTANTS, Inc., and William R. Day, Appellees.
No. BG-399.
District Court of Appeal of Florida, First District.
April 9, 1986.
*660 D. Michael Chesser, of Chesser, Wingard, Barr & Townsend, Chartered, Fort Walton Beach, for appellants.
William K. Jennings, Destin, for appellees.
SHIVERS, Judge.
This appeal is from an order striking William R. Day as a counterdefendant to the counterclaim. Mr. Day, who was not a plaintiff, had been joined in the suit as a counterdefendant along with the plaintiff Dayta Consultants, Inc. We reverse the order striking Day.
Dayta Consultants had contracted with appellant White-Wilson Medical Center (Medical Center) to provide technical services for Medical Center's data processing system. Dayta Consultants later sued on the contract, alleging nonpayment for goods and services delivered. Medical Center counterclaimed in tort against Dayta Consultants and against nonparty Day, individually, as an agent of Dayta Consultants, alleging negligence and misrepresentation. Day, who was the sole stockholder, director and officer of Dayta Consultants, signed the contract with Medical Center in his capacity as president of Dayta Consultants.
Dayta Consultants moved to strike Day as a defendant to the counterclaim on the ground that William R. Day in his individual capacity was not in any way obligated under the contract. In a pretrial order the trial court granted the motion.
After a jury trial the trial court entered judgment against Dayta Consultants on its complaint and in favor of Medical Center on its counterclaim against Dayta Consultants.
Appellees question the timeliness of Medical Center's notice of appeal. Appellee Day had filed a separate motion to dismiss the appeal as untimely urging that the pretrial order against Dayta Consultants' second motion to strike was a final appealable order which should have been appealed within the jurisdictional time limit. A panel of our court prior hereto denied this motion to dismiss the appeal. The law of this case, then, is that the striking of Day was not final until the final judgment following the jury verdict. Medical Center had thirty days from the April 11, 1985 final judgment to appeal the pretrial order granting the motion to strike Day. The notice of appeal was timely filed on May 7, 1985.
Medical Center argues that the trial court erred in ruling that Day was shielded as a matter of law from any individual *661 liability to the Medical Center because of the corporate form of Dayta Consultants. We find that, due to lack of privity, Day could not be sued on the contract. Further, Day could not be sued in his role as officer in the absence of a reason to pierce the corporate veil. However, there is substantial authority that Day may be sued for tortious acts or derelictions of duty in which he is alleged to have personally participated. Individual officers and agents of a corporation are personally liable where they have committed a tort even if such acts are performed within the scope of their employment or as corporate officers or agents. Littman v. Commercial Bank & Trust Co., 425 So.2d 636, 640 (Fla. 3d DCA 1983). There is no need to allege fraud, Fenick v. Robertson, 406 So.2d 1263, 1264 (Fla. 4th DCA 1981) or physical injury, as Dayta Consultants contends. A corporate officer may not be held individually liable on a contract unless he signed in an individual capacity, or unless the corporate veil was pierced or the corporate entity should be ignored because it was found to be formed or used for fraudulent purposes, or where the corporation was merely the alter ego of the shareholder. Ryan v. Wren, 413 So.2d 1223, 1224 (Fla. 2d DCA 1982). Nevertheless, officers or agents of a corporation may be held liable for their own torts even if such acts are performed within the scope of their employment or as corporate officers or agents. This is so even if no argument is advanced that the corporate form should be disregarded. Adams v. Brickell Townhouse, 388 So.2d 1279, 1280 (Fla. 3d DCA 1980).
In McDaniel v. Sheffield, 431 So.2d 230 (Fla. 1st DCA 1983) we held that officers of a corporation did not individually owe a duty to an employee who was shot and killed during an armed robbery where they were not in possession of the premises in their individual capacities. A corporate officer or agent must be alleged to have acted tortiously in his individual capacity in order to be individually liable. Medical Center did not sue Day the officer qua officer; rather, it sued him for his individual acts. Medical Center did not sue Day individually on the contract which he signed as president and for which he would not be personally liable. Medical Center sued Day for torts it alleged he committed in his individual capacity.
Dayta Consultants questions the sufficiency of the allegations in the counterclaim against Day in negligence and misrepresentation. We find the allegations in the record were sufficient to put Day on notice of the claims against him.
Dayta Consultants challenges the procedure employed by Medical Center to join Day as a party defendant to the counterclaim. We find that Day was properly brought into the action under Rules 1.170(h) and 1.250(c). Fla.R.Civ.P. 1.170(h) provides in part:
When the presence of parties other than those to the original action is required to grant complete relief in the determination of a counterclaim or cross-claim, they shall be named in the counterclaim or cross-claim and be served with process and shall be parties to the action thereafter if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action.
Day's presence as a party was arguably "required to grant complete relief" in the determination of the counterclaim. It is desirable policy to encourage the filing of cross-claims and permissive counterclaims so that all aspects of a given legal dispute may be disposed of as expeditiously as possible. Wincast Associates, Inc. v. Hickey, 342 So.2d 77, 79 (Fla. 1977). The court in Travelers Express, Inc. v. Acosta, 397 So.2d 733 (Fla. 3d DCA 1981) instructed the trial court on remand to permit similar use of a counterclaim against nonparties.
Because we find that joinder of Day was required to grant complete relief, we also find that the trial court erred in striking Day because Medical Center's incorporation of the counterclaim in its first pleading timely filed entitled Medical Center as a matter of course to name in the counterclaim other parties than those original to the action necessary to grant complete relief. *662 See Fletcher v. Liberty National Bank and Trust Co. of Louisville, 349 So.2d 652, 654 (Fla. 1st DCA 1977).
Since there has already been a jury trial on the contract dispute between Dayta Consultants and Medical Center, a waste of judicial resources and an unnecessary hardship on those parties could result if this court required retrial of the main case when the counterclaim is tried. Therefore, we reverse and remand to the trial court with instructions that the trial court sever the counterclaim under Rules 1.270(b) and 1.170(i) and then allow Medical Center to proceed on its counterclaim against Day.
REVERSED and REMANDED.
JOANOS and NIMMONS, JJ., concur.