488 So.2d 843 (1986)
RAYMOND, JAMES & ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
ZUMSTORCHEN INVESTMENT, LTD., a Bahamian Corporation, Robert G.H. Alexander, Donald R. Schwartz, and Robert Hensberry, Appellees.
No. 85-958.
District Court of Appeal of Florida, Second District.
April 16, 1986.
Rehearings Denied May 20, 1986.
*844 Cynthia VanWart and W. Gray Dunlap, Jr., of Jacobs, Robbins, Gaynor, Burton, Hampp, Burns, Bronstein & Shasteen, P.A., Tampa, for appellant.
Daniel Joy, Sarasota, for appellee Alexander.
Bruce C. Crawford and Richard J. McCrory of Owen & McCrory, St. Petersburg, for appellee Schwartz.
No appearance for appellees Zumstorchen and Hensberry.
SCHEB, Judge.
Raymond, James & Associates, Inc. (Raymond), a broker and dealer in securities, filed suit against Zumstorchen Investment, Ltd., a Bahamian corporation, and Robert G.H. Alexander, Donald Schwartz, and Robert Hensberry. Raymond now appeals the trial court's final order dismissing its second amended complaint against Alexander and Schwartz.[1] We affirm in part and reverse in part.
At the outset, we address Raymond's preliminary contention concerning the scope of our review. Although Raymond's notice of appeal challenges the trial court's dismissal of its second amended complaint, a portion of its brief is directed to the sufficiency of the allegations of its two prior complaints. In support of its contention that we should address these arguments, Raymond points to the rule allowing review of interlocutory rulings which occur prior to filing of a notice of appeal. Fla.R.App.P. 9.110(h). This rule, however, does not govern the filing of an amended complaint because, in filing such a complaint, the pleader causes the new complaint to become a substitute for the prior pleading. Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934, 936 (Fla. 4th DCA 1984); Metropolitan Bank & Trust Co. v. Vanguard Insurance Co., 400 So.2d 184 (Fla. 2d DCA 1981); Rice v. Clement, 184 So.2d 678, 680 (Fla. 4th DCA 1966). Thus, we limit our review to Raymond's second amended complaint.
In that complaint, Raymond alleged that Alexander and Schwartz created and used Zumstorchen, an assetless corporation, to conceal their true identities as purchasers of stock in Grandma Lee's, Inc., a company which owned and franchised retail food outlets. In the process, Alexander and Schwartz established a delivery-versus-payment (DVP) account through Hensberry, an agent of Raymond, to effect the purchases. Raymond claimed that Alexander, Schwartz, and Hensberry, knowing that Zumstorchen was being used as a fraudulent vehicle, caused Raymond to purchase 110,000 shares of Grandma Lee's stock for Zumstorchen's DVP account.
Raymond further alleged that the Royal Bank of Canada in Nassau, Zumstorchen's designated bank, disavowed knowledge of these transactions. It and Zumstorchen's other banking contacts refused to pay Raymond's invoices for the stock purchase on the DVP account. Raymond contended that Alexander, Schwartz, and Hensberry schemed to defraud it by arranging to have Raymond make the purchase, knowing that Zumstorchen had no assets to pay for the stock. This scheme forced Raymond to sell the Grandma Lee's stock which it had purchased. As a result, Raymond suffered losses in excess of $100,000.
Alexander and Schwartz filed motions to dismiss the second amended complaint which the trial judge granted. In doing so, the judge commented that he felt the two prior complaints stated causes of action. Nevertheless, the judge concluded that he was obligated to dismiss the second amended complaint with prejudice because two predecessor judges had dismissed the two previous complaints and the second amended complaint did not allege any additional facts. This appeal ensued.
*845 Before we begin our analysis, we observe that a successor judge should give credence to a predecessor's rulings on issues of law. Yet, a successor judge has the obligation to correct any error in a prior interlocutory ruling on matters of law. Tingle v. Dade County Board of County Commissioners, 245 So.2d 76 (Fla. 1971); Keathley v. Larson, 348 So.2d 382 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 131 (Fla. 1978); see also Canney v. Canney, 453 So.2d 179 (Fla. 2d DCA 1984). Here, the judge erred in failing to correctly apply these principles. The question before us, however, is whether Raymond's second amended complaint states a cause of action.
Raymond sought relief on the basis of alleged violations of the Florida Securities Act, Chapter 517, Florida Statutes (1983), and on theories of common law fraud, breach of contract, negligence, and breach of fiduciary obligation. While its allegations directed toward Alexander and Schwartz are somewhat lacking in precision, we think the second amended complaint, taken as a whole, sufficiently alleges a short statement of ultimate facts to state a cause of action for the counts of violation of the securities law, common law fraud, and breach of contract. We do not think the facts of the counts of negligence and fiduciary obligation are sufficient as to Alexander and Schwartz.[2] Fla.R.Civ.P. 1.110.
As to the violation of the securities act, section 517.301(1), Florida Statutes (1983), provides:
It is unlawful and a violation of the provisions of this chapter for any person:
(1) In connection with the offer, sale, or purchase of any security, including any security exempted under the provisions of s. 517.051 and including any security sold in any transaction exempted under the provisions of s. 517.061, directly or indirectly:
(a) To employ any device, scheme, or artifice to defraud;
(b) To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
(c) To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any person.
Here, Raymond alleged that Alexander and Schwartz schemed with Hensberry to conceal their identities as purchasers of the Grandma Lee's stock. Further, Raymond alleged that Alexander and Schwartz knew, or should have known, that Zumstorchen lacked assets to pay for the 110,000 shares of Grandma Lee's stock when they placed the purchase orders for these securities with Raymond. Despite this knowledge, Alexander, as agent for himself, Zumstorchen, and Schwartz, later reaffirmed their obligation and commitment to pay for the securities. Finally, Raymond pointed to the complaint's allegation that Alexander and Schwartz intended to share in the profits from this transaction. Thus, it argued that they obviously planned to pay for the securities only after receiving their anticipated profit from a prospective sale. Thus, the complaint sufficiently alleged facts to place in issue Alexander and Schwartz's role, if any, in a scheme to defraud Raymond in violation of section 517.301(1). See, e.g., Haygood v. Adams Drugs, Inc., 346 So.2d 612 (Fla. 2d DCA 1977).
For common law fraud, Raymond had to allege it relied to its detriment on a false statement concerning a material fact made with knowledge of its falsity and an intent to induce reliance. See, e.g., Peninsular Florida District Council of Assemblies of God v. Pan American Investment and Development Corp., 450 So.2d 1231 (Fla. 4th DCA 1984); see also American *846 International Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975).
Raymond claimed that as a result of its reliance on Alexander and Schwartz's statements and omissions of material fact, it bought the securities. Later, it suffered a loss in excess of $100,000 when forced to sell those securities on the open market. We think these allegations, when combined with the allegations of violation of the securities act, sufficiently stated a cause of action for common law fraud.
Concerning the breach of contract count, Raymond was required to allege facts showing that Zumstorchen was either the alter ego of Alexander and Schwartz or that Zumstorchen was established or used for fraudulent purposes. Riley v. Fatt, 47 So.2d 769 (Fla. 1950); Ryan v. Wren, 413 So.2d 1223 (Fla. 2d DCA 1982); Charter Air Center, Inc. v. Miller, 348 So.2d 614 (Fla. 2d DCA), cert. denied, 354 So.2d 983 (Fla. 1977). Raymond's allegation that Alexander and Schwartz were alter egos of the corporation standing alone would be insufficient. See Advertects, Inc., v. Sawyer Industries, Inc., 84 So.2d 21 (Fla. 1955); Ryan. However, Raymond noted certain actions and statements of Alexander and Schwartz which inferred the use of Zumstorchen for fraudulent purposes sufficient to state a cause of action for breach of contract. Cf. Charter Air Center, Inc.
Unlike the above counts, the counts alleging negligence and breach of fiduciary obligation on Schwartz and Alexander's part are patently insufficient. The negligence count merely makes the conclusory allegation that Alexander and Schwartz's failure to have sufficient funds to pay for the securities constituted a negligent breach of a duty owed to Raymond. Further, the complaint is completely devoid of any ultimate facts indicating a fiduciary relationship between Raymond and Alexander and Schwartz. Consequently, the trial court was correct in dismissing these two counts of the second amended complaint against Alexander and Schwartz.
Accordingly, we affirm the dismissal of the counts for negligence and breach of fiduciary duty as to Schwartz and Alexander. We reverse the dismissal of the counts for violation of chapter 517, common law fraud, and breach of contract and remand for proceedings consistent with this opinion.
RYDER, C.J., and GRIMES, J., concur.
NOTES
[1] Defendants Zumstorchen Investment, Ltd. and Robert Hensberry are not parties to this appeal since the complaint against them is still pending.
[2] We do not pass on whether these counts state a cause of action against Zumstorchen and Hensberry as that issue is not before us.