WALDEN, Judge.
In separate actions two real estate mortgages were foreclosed against the Estate of Margaret M. Shea. The Estate appeals. We reverse.
The trial court committed reversible error in these material particulars.
First, the trial court erred in refusing to allow the Estate to join Edward Dilauro as an indispensable third party and in refusing to allow the Estate to amend so as to assert additional affirmative defenses plus a cross claim against Mr. Dilauro. This action was violative of Florida Rules of Civil Procedure 1.210(a) and 1.180(a). See White-Wilson Medical Center v. Dayta Consultants, Inc., 486 So.2d 659, 661 (Fla. 1st DCA 1986). The fact that the Estate’s request to join Mr. Dilauro as a third party should have been granted, since his presence was necessary and proper to a complete determination of the cause because he had an interest in the subject matter, is attested by the fact that the trial court provided in the final judgments, with reference to Mr. Dilauro, a non-party, “Edward DiLauro, Jr., is determined to be a party with an interest in the disposition of the proceeds of the sale and leave is granted for him to join in as a party to this cause within 10 days for purposes of disposition of said proceeds.” This back door, after-the-fact, procedure completely deprived the Estate of its rights to assert its proper claims and defenses against Mr. Dilauro regardless that Mr. Dilauro, upon completion of the litigation, is permitted to come forth and share the fruit and proceeds of the judgment. Such procedure is unfair and contrary to the spirit and intendment of the Florida Rules of Civil Procedure.
Second, the trial court abused its discretion when it refused to allow the Estate to file a counterclaim against the plaintiff, which pleading was based upon the same transactions as were the subject matter of the complaint. See Fla.R.Civ.P. 1.170(f) and 1.190(a) and New River Yachting Center, Inc. v. Bacchiocchi, 407 So.2d 607, 609 (Fla. 4th DCA 1981). See generally, 40 Fla.Jur.2d Pleadings § 119 (1982).
In sum, the trial court rulings have effectively prevented the Estate from asserting its defenses and claims and thereby it has been prevented from enjoying the day in court to which it is entitled. We do not say that the Estate would have prevailed as to the pleadings that were denied to it, we only say that the Estate was entitled to assert its positions and have an adjudication as to them.
Both judgments are REVERSED.
DOWNEY and LETTS, JJ., concur.