# DELTA CORPORATION, et al. v SNODDY, et al.
## Case No. 88-13648
Thirteenth Judicial Circuit, Hillsborough County
January 16, 1991

## APPEARANCES OF COUNSEL

**Glenn M. Burton, Esquire,** Shear, Newman, Hahn & Rosenkranz, P.A.

**Eric E. Ludin, Esquire,** Goldner, Reams, Marger, Davis, Piper & Bartlett, P.A.

## OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

## *ORDER GRANTING THIRD PARTY DEFENDANTS, RICHARD FRICKE AND LUDO VAN DEN BOGAERT'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

THIS MATTER came before the court on Third Party Defendants, RICHARD FRICKE and LUDO VAN DEN BOGAERT's Motion for Partial Summary Judgment. The court has reviewed its files and the memoranda and affidavits of the parties, has conducted its own research, and is otherwise fully advised in the premises.

### *FACTS AND ISSUE OF THE CASE*

On April 23, 1986, the Plaintiff, "DELTA", and the Defendant, "SNODDY", entered into a contract for the performance by DELTA of engineering services on a parcel of property to be developed by SNODDY as a mobile home park. On July 20, 1988, DELTA filed an action to collect unpaid fees for services rendered against SNODDY. SNODDY filed a Third Amended Counterclaim on April 6, 1990 against DELTA and against Third Party Defendants, "FRICKE and VAN DEN BOGAERT", employees of DELTA. Count II of the counterclaim alleges that FRICKE and VAN DEN BOGAERT were engineers assigned by DELTA to perform engineering services pursuant to the contract between SNODDY and DELTA, and claims that FRICKE and BOGAERT were negligent in the performance of the engineering services. On October 3, 1990, FRICKE and BOGAERT filed a Motion for Partial Summary Judgment as to Count II. The Motion is before this court on the following issue:

WHETHER A PARTY SUING A CORPORATION IN CONTRACT FOR BREACH OF SERVICES MAY SUE INDIVIDUAL EMPLOYEES OF THE CORPORATION, WHO ARE NOT IN PRIVITY OF CONTRACT, IN TORT FOR ECONOMIC LOSS WITHOUT A CLAIM FOR PERSONAL INJURY OR PROPERTY DAMAGE ON THE THEORY THAT THE EMPLOYEES NEGLIGENTLY PERFORMED SERVICES UNDER THE CONTRACT?

In order to enter partial summary judgment, a court must find that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Deauville Operating Corp. v Town & Beach Plumbing Co.,* 123 So.2d 353 (Fla. 3d DCA 1960). For the reasons discussed below, this court finds that there is no genuine issue of material fact in that SNODDY may not maintain an action in tort against FRICKE and VAN DEN BOGAERT, and FRICKE and VAN DEN BOGAERT are entitled to judgment as a matter of law.

## DISCUSSION

The law in Florida is clear that a purchaser of goods or services may not recover economic loss in tort without a claim for personal injury or property damage. *Florida Power and Light Co. v Westinghouse Corp.,* 510 So.2d 899 (Fla. 1987), *AFM Corporation v Southern Bell,* 515 So.2d 180 (Fla. 1987). In these cases, the plaintiffs were attempting to sue in tort an individual or corporation with which they were in privity of contract. The Florida Supreme Court based its findings on the belief that contract principles are more appropriate than tort principles for resolving economic losses where there is no personal injury or property damage claim. *Florida Power,* 510 So.2d at 901, *AFM,* 515 So.2d at 181.

In the case at issue, however, there is no privity of contract between the individual employees, FRICKE and VAN DEN BOGAERT, and SNODDY. SNODDY argues that in cases where there is no privity of contract, the courts have allowed recovery for economic loss in tort, citing *Latite Roofing Co., Inc. v Urbanek,* 528 So.2d 1381 (Fla. 4th DCA 1988), In *Latit,* the Fourth District Court upheld judgment for a plaintiff who sued in tort to recover economic loss when no privity of contract existed. *Latite,* 528 So.2d at 1382-1384. The *Latite* court interpreted *A.R. Moyer, Inc. v Graham,* 285 So.2d 397 (Fla. 1973), a Florida Supreme Court case dealing with similar legal issues, to mean that "invocation of the rule precluding tort claims for only economic losses applies only when there are alternative theories of recovery better suited to compensate the damaged party for a peculiar kind of loss." *Id.* at 1383. The court affirmed the judgment because they found that negligence was the Plaintiff's sole theory upon which recovery could be had. *Id.*

*Latite* is distinguishable from the case at bar. SNODDY is not in privity of contract with FRICKE and VAN DEN BOGAERT and negligence is the only theory upon which recovery can be had against FRICKE and VAN DEN BOGAERT. However, SNODDY is currently pursuing recovery on a breach of contract theory against DELTA for the same economic damages claimed against FRICKE and VAN DEN BOGAERT. Unlike the plaintiff in *Latite,* SNODDY has an alternative theory of recovery better suited to compensate it for the damages claimed. Therefore, this court finds that the ruling in *Latite* does not prevent it from invoking the rule precluding tort claims for only economic losses even though there is no privity of contract between SNODDY, FRICKE, and VAN DEN BOGAERT.

Because there is an underlying contract in SNODDY's action against

FRICKE and VAN DEN BOGAERT, before invoking the above rule this court must address the effect of the contract on SNODDY's action in tort. In this respect, the case at bar involves a question of first impression. While no Florida cases have dealt with this exact issue, this court finds that the Florida Supreme Court's opinion in *AFM Corp. v Southern Bell*, 515 So.2d 180 (Fla. 1987) controls the issue herein. The Court, in *AFM*, set forth the test to be applied when a party is seeking economic damages for a tort flowing from a contractual breach. *AFM*, 525 So.2d at 181. In *AFM*, the Court concluded that "without some conduct resulting in personal injury or property damage, there can be no independent tort flowing from a contractual breach which would justify a tort claim solely for the economic losses." *Id.* at 181, 182.

Pursuant to *AFM*, in order to maintain a claim for solely economic damages based on a negligence theory, SNODDY must have alleged that the breach of contract was attended by some additional conduct which amounted to an independent tort. SNODDY does not claim that conduct by FRICKE and VAN DEN BOGAERT resulted in personal injury or property damage or additional conduct which amounted to a tort independent from the breach of contract. In its count for negligence against FRICKE and VAN DEN BOGAERT, SNODDY merely claims that it has sustained economic damages as set forth in the breach of contract count against DELTA.

Rather than alleging an independent tort separate from the breach of contract, it is clear that SNODDY is attempting to claim a tort flowing from the contractual breach, as evidenced by the language of the counterclaim. SNODDY's negligence count against FRICKE and VAN DEN BOGAERT states that they were "negligent in the performance of the engineering services required pursuant to the contract . . . in that the services were not done in a professional manner utilizing due care and did not meet accepted standards for engineering professionals in the State of Florida." (Third Amended Counterclaim, para. 14). This is almost identical to the language in SNODDY's count for breach of contract against DELTA which alleges that DELTA "breached said agreement in that the engineering services performed by DELTA were not done in a professional manner, utilizing due care and did not meet accepted standards for engineering professionals in the State of Florida." (Third Amended Counterclaim, para. 6.) Because SNODDY has attempted to seek economic damages for negligent breach of contract without alleging some additional conduct which amounts to an independent tort, SNODDY has failed the test set forth in *AFM*.

Finally, SNODDY contends that this court should base its decision

**91**

on the distinction that SNODDY is suing the employees of DELTA for their own tortious conduct under the contract rather than suing DELTA for tortious acts under the contract, citing *White-Wilson Medical Center v Dayta Consultants,* 486 So.2d 659 (Fla. 1st DCA 1986). SNODDY argues that the issue in *White-Wilson* is identical to the issue herein and thus controls the case at bar. After a review of *White-Wilson,* this court finds that although the factual dispute is almost identical to the dispute herein, the legal issues involved are not identical and *White-Wilson* does not control the case at bar. Additionally, this court finds no support for the distinction SNODDY wishes to make.

In *White-Wilson,* the Plaintiff, who was suing a corporation for breach of contract, sued the individual employee of the corporation, with which it was not in privity of contract, for negligence and misrepresentation. *White-Wilson,* 486 So.2d at 660. The court found that the plaintiff could proceed with suit against the employee. *Id.* at 661. The court applied the rule that officers or agents of a corporation may be held liable for their own torts even if performed within the scope of employment. *Id.*

The issue and resulting analysis in *White-Wilson* differ from the case at bar. The issue examined by the *White-Wilson* court was merely whether an officer or agent of a corporation can be sued for tortious acts even if committed within the scope of employment. In its analysis, the *White-Wilson* court never reached the analysis of whether the alleged torts flowed from the contractual breach and if so, if the torts were distinguishable from or independent of the underlying breach. Additionally, the *White-Wilson* court never disclosed what damages the plaintiff was claiming and never discussed this factor. The *White-Wilson* court did not analyze the issue as raised in *AFM* and the case at bar, whether such a suit can be maintained if there is no tort alleged that is distinguishable from the breach of contract, and economic loss rather than personal injury or property damage is claimed. Because of the foregoing, this court finds that the opinion does not control the court's decision in this matter.

The distinction SNODDY makes by focusing on the fact that the action is brought against individual employees for tortious acts flowing from a contractual breach rather than against the contractual party is unsupported by the case law. The Florida Supreme Court's holding in *AFM* simply states that where recovery in tort is claimed for economic damages flowing from a contractual breach, the action can only be maintained if the breach of contract is attended by additional conduct amounting to an[sic] tort independent of the breach. The important

92

factor in *AFM* and herein is that the claimed damages flowed from the contractual breach. No matter which party SNODDY sued for damages flowing from the contractual breach, as discussed above, SNODDY was required to allege facts sufficient to show a tort independent from the breach of contract. This court finds that SNODDY has failed to do so.

## CONCLUSION

This court concludes that SNODDY is attempting to recover in tort economic damages flowing from an alleged negligent breach of contract. Pursuant to the Florida Supreme Court in *AFM,* without alleging additional conduct resulting in personal injury or property damage, there can be no independent tort flowing from the contractual breach which would justify a tort claim solely for economic losses. Thus, SNODDY's action may not be maintained in tort against FRICKE and VAN DEN BOGAERT.

For the foregoing reasons, it is hereby,

ORDERED AND ADJUDGED that Third Party Defendant's Motion for Partial Summary Judgment is GRANTED.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, this 16th day of January, 1991.