405 So.2d 1363 (1981)
Brian K. ORLOVSKY, Appellant,
v.
SOLID SURF, INC., a Florida Corporation D/B/a Solid Surf Skateboard Park and Robert E. Spence, Appellees.
No. 79-552.
District Court of Appeal of Florida, Fourth District.
November 18, 1981.
Patrick W. Gent of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellant.
Fred S. Schmunk, Jr., Fort Lauderdale, for appellees.
MOORE, Judge.
In this personal injury action, the appellant, Brian Orlovsky, sued a corporation, Solid Surf, Inc., and its managing officer, Robert Spence, for negligence in the operation of a skateboard park. The appellant challenges an order dismissing all counts of *1364 his complaint against Spence and striking only his punitive damage claim against Solid Surf. The order did not dismiss appellant's other claims against Solid Surf.
Initially, we must determine whether this court has jurisdiction to entertain this appeal. As to appellee, Spence, the order completely dismissed him from the case. Consequently, the judicial labor in the suit against Spence has ended. Accordingly, we have jurisdiction to review the dismissal as a final appealable order. See Let's Help Florida v. DHS Films, Inc., 392 So.2d 915 (Fla.3d DCA 1980).
As to appellee, Solid Surf, on the other hand, the trial court's order did not completely dismiss it from the case. Accordingly, the order is not final as to Solid Surf and, as such, is not appealable. Weltz v. Mann, 383 So.2d 324 (Fla.5th DCA 1980). See also Gibbs v. Reliance Insurance Company, 399 So.2d 1108 (Fla.5th DCA 1981). We, therefore, will not review the propriety of the trial court order insofar as it struck appellant's punitive damage claim.
After reviewing the order insofar as it dismissed Spence from the lawsuit, we reverse. Essentially, appellant's complaint alleged that Spence negligently operated the skateboard park by renting defective equipment and failing to take precaution against injuries. Spence moved to dismiss the complaint against him alleging that it fails to state a cause of action because he could not, as a mere officer of Solid Surf, be held liable for appellant's injuries. We disagree. A corporate officer is potentially individually liable for his tortious acts even though such acts were committed in the scope of his employment by the corporation. Adams v. Brickell Townhouse, Inc., 388 So.2d 1279 (Fla.3d DCA 1980); Ramel v. Chasebrook Construction Company, 135 So.2d 876 (Fla.2d DCA 1961), 8 Fla.Jur.2d Business Relationships § 339. 19 Am.Jur.2d, Corporations, § 1382 succinctly sets forth this rule and its underlying rationale as follows:
A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong. Accordingly, directors not parties to a wrongful act on the part of other directors are not liable therefor. If, however, a director or officer commits or participates in the commission of a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby, and it does not matter what liability attaches to the corporation for the tort. A contrary rule would enable a director or officer of a corporation to perpetrate flagrant injuries and escape liability behind the shield of his representative character, even though the corporation might be insolvent or irresponsible. (Footnotes omitted.)
Applying this rule, we find that the complaint sufficiently states a cause of action against Spence. For purposes of a motion to dismiss, all facts of the complaint are accepted as true. Fletcher v. Williams, 153 So.2d 759 (Fla. 1st DCA 1963); Carter v. Sterling Finance Company, 132 So.2d 430 (Fla. 1st DCA 1961); Nunez v. Alford, 117 So.2d 208 (Fla.2d DCA 1960). A motion to dismiss should not be granted if the pleader sets forth facts in his complaint upon which relief can be granted on any theory. Martin v. Highway Equipment Supply Co., 172 So.2d 246 (Fla.2d DCA 1965). The appellant's complaint clearly alleged that Spence was personally involved in the tortious conduct resulting in appellant's injuries. Thus, a legal basis exists for Spence's individual liability and the trial court erred in dismissing Spence from the case.
Accordingly, we reverse the trial court's order dismissing Spence as a party defendant and dismiss this appeal as it relates to the punitive damage claim against Solid Surf.
REVERSED.
ANSTEAD and HERSEY, JJ., concur.