431 So.2d 230 (1983)
William Wayne McDANIEL, As Personal Representative of the Estate of John Perry McDaniel, for the Benefit of the Estate of John Perry McDaniel, and for the Benefit of Helen B. McDaniel, Surviving Wife, Appellant,
v.
James B. SHEFFIELD, Pamela W. Sheffield and Safeco Insurance Companies, Appellees.
No. AN-62.
District Court of Appeal of Florida, First District.
May 4, 1983.
Rehearing Denied June 2, 1983.
*231 Carol M. Anderson of Anderson & Anderson, P.A., Fort Lauderdale, for appellant.
J. Craig Knox of Fuller & Johnson, P.A., Tallahassee, for appellees.
THOMPSON, Judge.
The personal representative of the decedent appeals a summary final judgment entered in favor of the defendants in a wrongful death action. We affirm.
James and Pamela Sheffield (Sheffields), husband and wife, are corporate officers owning 99% of the stock of Sheffield Oil Company, Inc. (Oil Company), an Alabama corporation authorized to do business in Florida. The Oil Company and the Sheffields leased a location and improvements in a rural area near Campbellton, Florida, where the Oil Company operated a combination convenience store and service station. The decedent was employed as a clerk by the Oil Company at this Campbellton store and while so employed was shot and killed by an unknown armed robber. Since his death arose out of and in the course of his employment with the Oil Company, his surviving widow received workers' compensation death benefits as provided by law.
Later the personal representative of the decedent filed a complaint against the Sheffields, alleging they were negligent in failing to exercise their duty to protect the decedent from criminal conduct occurring on the premises. The trial judge granted the Sheffields' motion for summary judgment and entered final summary judgment in their favor. The personal representative appealed this final summary judgment on the grounds that there were issues of fact regarding the status of the Sheffields under the lease, the status of the Sheffields under the concept of employer immunity under the workers' compensation law, and the status of the Sheffields' possession and control of the premises.
Although the Sheffields and the lessors testified that the Sheffields individually signed the lease as guarantors and not as lessees, the lease is sufficient to create an issue as to the status of the Sheffields under the lease. However, even if we assume the Sheffields were co-lessees of the property, they did not individually owe the decedent any duty unless they were also in possession and control of premises in their individual capacities and not as corporate officers. The only way a corporation can act is through its officers, agents, and employees. The Sheffields had no duty to the decedent as a result of any acts performed as corporate officers. The sole remedy of the decedent's dependents against the Oil Company was the workers' compensation claim which they have already collected. There was no issue of fact on the question of whether the Sheffields individually were *232 in possession of the premises and summary judgment was properly granted.
AFFIRMED.
MILLS and JOANOS, JJ., concur.