433 So.2d 23 (1983)
Marilyn GRUDER and Anna Gruder, Appellants,
v.
Herbert GRUDER, Appellee.
No. 82-2613.
District Court of Appeal of Florida, Fourth District.
June 15, 1983.
Julie Feigeles of Cristol, Mishan & Sloto, Miami, for appellants.
Jeffrey C. Roth, Coral Gables, for appellee.
GLICKSTEIN, Judge.
This is an appeal from an order granting plaintiff's motion for temporary injunction. We affirm.
*24 The testimony, briefly stated, is to the effect that appellee is one of three trustees and beneficiaries; that he has been unable to get what he considers to be a reliable accounting of the whereabouts or disposition of a substantial portion of the trust's liquid assets; that he is concerned with further removal, concealment and misspending; and that he wants everything kept in Florida  where both appellants reside. The trial court's action prevents removal of the assets from Broward County or disposing of same. Hopefully, the case will now be disposed of finally without delay as the trial judge urged.
HURLEY, J., concurs.
DOWNEY, J., dissents with opinion.
DOWNEY, Judge, dissenting:
Appellee sought and obtained a temporary injunction restraining appellants from removing from Broward County the corpus of a trust, which they were administering as trustees. My review of the record fails to reveal any sufficient allegation in the complaint of irreparable injury or proof thereof.
While the granting of a temporary injunction rests in the sound judicial discretion of the trial court, that discretion never comes into play unless the plaintiff alleges and proves irreparable harm, a clear legal right, and an inadequate remedy at law. Walsh v. French, 409 So.2d 1131 (Fla. 4th DCA 1982). Because neither the allegations of the complaint nor the proof adduced are sufficient to demonstrate irreparable injury absent the temporary injunction, the entry thereof is in my judgment reversible error. It may be the trial judge felt that, as a practical matter, there would be no real harm to the appellants in granting the temporary injunction until the case was decided. However sensible and inviting that approach appears, it may not be utilized in the absence of the foregoing grounds.
Accordingly, in my view, the order appealed from should be reversed.