## SUN CLEANERS v. DENNIS, et al.
### Case No. 81-299 AP
Eleventh Judicial Circuit, Appellate Division, Dade County
July 7, 1983

Jerry Green, for appellant.

Welbaum, Zook, Jones & Williams, and Alan B. Baydick, for appellees.

Before SALMON, KORVICK and GODERICH, JJ.

PER CURIAM.

This action commenced in the County Court in and for Dade County, Florida.

While the complaint is titled a "Complaint for Eviction, Count I states it is a cause of action for removal for unlawful detainer, and Count II is for removal of tenant based on nonpayment of rent.

The court granted Defendant Brenner's Motion to Dismiss without stating any substantive or procedural reason other than confusion of issues and a need to consolidate the County Court case with a then pending Circuit Court case. The consolidation issue is moot since the Circuit Court case was subsequently dismissed.

The Court's confusion as to the issues is hardly the proper basis for dismissing an action. The rules of procedure dictate that a Motion to Dismiss for failure to state a cause of action is determined solely by reference to the allegations of the Complaint. *First Church of Christ Scientist v. City of St. Petersburg*, 344 So.2d 1302 (2nd DCA 1977).

Count I of Plaintiff's Complaint states a cause of action under F.S. Section 82.04 by properly alleging the Defendant's initial lawful entry and continued possession after the expiration of that right. F.S. Section 82.03, which Defendant-Appellee discusses at length, covers unlawful entry and is not applicable here.

Plaintiff's allegations of nonpayment of rent and proper notice of termination in Count II state a cause of action under Chapter 83 of the Florida Statutes. Defendant's Motion to Dismiss alleged that the Plaintiff was neither the "landlord" nor the "Persons entitled to rent" within

the meaning of F.S. Section 83.20(1) and F.S. Section 83.20(2), respectively. The relationships between the three parties involved in the suit are questions of fact as there may be subleases and/or assignments involved. For purposes of a Motion to Dismiss, all allegations in the complaint are to be taken as accurate. *Orlando Sports Stadium, Inc. v. State*, 262 So.2d 881 (Fla. 1972). Even if Count II did not create a cause of action, Count II should have been striken rather than have the entire complaint dismissed.

As to the issue of the Motion for Default against Defendant Dennis, the Trial Judge abused his discretion in deferring a ruling until the Plaintiff filed an answer in a Circuit Court case to which the Plaintiff, Sun Cleaners, Inc., was not even a party. The Court previously ruled that a default be entered unless Defendant Dennis was not served. Testimony indicates that service was properly effected. The Court's subsequent deferral was based on confusion as to the involved parties. The non-appearance of Defendant Dennis warrants that a default judgment be entered.

For these reasons, the Trial Court's order granting the Defendant's Motion to Dismiss is reversed and the case remanded for a trial on the merits.