544 So.2d 270 (1989)
Herman John McELVEEN, II a Minor Child, by and through Herman John McELVEEN, His Father, and Wanda L. McElveen, His Mother, As Natural Guardians and Next Friends, and Herman John McElveen and Wanda L. McElveen Individually, Appellants,
v.
John P. PEELER and the Tire Shop, Inc., a Florida Corp., Appellees.
No. 88-1409.
District Court of Appeal of Florida, First District.
May 23, 1989.
Rehearing Denied June 28, 1989.
David C. Goodman, Jacksonville, for appellants.
Carl D. Dawson, Jacksonville, for appellees.
WENTWORTH, Judge.
Appellants seek review of an order dismissing with prejudice their third amended complaint as to John P. Peeler, individually, in their personal injury action against Peeler and The Tire Shop, Inc. We reverse, finding the third amended complaint sufficiently stated a cause of action against Peeler in his individual capacity.
Appellants Herman John and Wanda L. McElveen filed a complaint against appellee John P. Peeler, owner, operator and president of The Tire Shop, Inc., on behalf of their 12-year-old child, Herman John *271 McElveen, II. The cause of action arose out of a June 25, 1987 incident in which the McElveen's child was hit by a rolling tire while playing on the premises of The Tire Shop. Appellants alleged that Peeler repeatedly permitted their child to have access to any part of The Tire Shop without objection, and that such failure to restrict the child from the premises constituted negligence which resulted in the child's injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and hospitalization. Appellants filed an amended complaint adding The Tire Shop, Inc., a Florida corporation, as a codefendant, and alleging that the Tire Shop, Inc., and John P. Peeler, individually, both were negligent and liable for their child's injuries. Upon appellees' motion, the trial court dismissed the amended complaint without prejudice on grounds that it failed to state a cause of action against Peeler individually. Appellants filed a second amended complaint alleging in count one a cause of action against The Tire Shop, Inc., and in count two a cause of action against Peeler individually. Appellees filed a motion to dismiss the second amended complaint as to Peeler individually on grounds that "a corporate officer or agent must be alleged to have acted tortiously in his individual capacity in order to be individually liable," citing White-Wilson Medical Center v. Dayta Consultants, 486 So.2d 659, 661 (Fla. 1st DCA 1986). Appellees alleged that Peeler, as an individual, had no right to invite others on the property of The Tire Shop, and that only as a president or employee of the corporation did he have that right. The trial court dismissed the second amended complaint without prejudice. Appellants filed a third amended complaint alleging that Peeler, individually, repeatedly permitted their child to have access to any part of the premises of The Tire Shop and failed to warn their child of the dangerous condition created by the rolling tires. Appellants alleged that Peeler, individually, owed the child a duty to warn of the danger created by the rolling tires and failed to so warn the child. Upon appellees' motion, the trial court entered an order dismissing appellants' third amended complaint with prejudice as to Peeler individually.
"Individual officers and agents of a corporation are personally liable where they have committed a tort even if such acts are performed within the scope of their employment or as corporate officers or agents." (e.s.) White-Wilson, supra, at 661, citing Littman v. Commercial Bank & Trust Co., 425 So.2d 636, 640 (Fla. 3d DCA 1983). "A corporate officer or agent must be alleged to have acted tortiously in his individual capacity in order to be individually liable." White-Wilson at 661. In McDaniel v. Sheffield, 431 So.2d 230 (Fla. 1st DCA 1983), this court held that where officers of a corporation were not individually in possession of a convenience store and gas station at the time an armed robber entered the premises and shot and killed an employee, the corporate officers did not individually owe a duty to the employee. In that case the corporate officers were stockholders of the oil company that operated and leased the store and gas station, and were either guarantors or co-lessees under the lease. The court stated:
Even if we assume the Sheffields were co-lessees of the property, they did not individually owe the decedent any duty unless they were also in possession and control of premises in their individual capacities and not as corporate officers. The only way a corporation can act is through its officers, agents, and employees. The Sheffields had no duty to the decedent as a result of any acts performed as corporate officers.
McDaniel at 231. In contrast, the court in Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981), found that a complaint against the corporate officer of a skateboard park sufficiently stated a cause of action against the corporate officer in his individual capacity, where it was alleged that the corporate officer had negligently rented defective equipment to the plaintiff and had failed to take precaution against injuries. The complaint clearly alleged that the corporate officer had been personally involved in the tortious conduct resulting in the plaintiff's injuries. 18B *272 Am.Jur.2d, Corporations, s. 1890 indicates that a corporate officer's individual liability to third persons is predicated on several factors:
1) The corporation owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought.
2) The duty is delegated by the principal or employer to the defendant officer.
3) The defendant officer has breached this duty through personal  as opposed to technical or vicarious  fault.
4) With regard to the personal fault, personal liability cannot be imposed upon the officer simply because of his general administrative responsibility for performance of some function of his employment. He must have a personal duty towards the injured third person, breach of which specifically has caused the person's damages.
Appellants in this case alleged that Peeler
repeatedly, over a period of several months immediately prior to June 25, 1987, permitted the plaintiff child, `John', to have access to any part of the premises owned and operated by The Tire Shop, Inc., ... that, in particular, during that time, the defendant, John P. Peeler, never objected to `John' or to any of the employees of The Tire Shop, Inc., about the presence of `John' in any location in the aforesaid tire shop; that he never objected to the child playing among piles of tires therein or playing in the area where tires were rolled, although the child was many times in the aforesaid areas in the presence of the defendant, John P. Peeler... .
We find the third amended complaint sufficiently states a cause of action against Peeler in his individual capacity. The complaint clearly alleges that Peeler personally participated in the tortious conduct that resulted in the child's injuries by acquiescing in the presence of the child on the premises and in failing to warn the child of the dangerous condition. Appellee argues that Peeler had a right to invite individuals on the property of The Tire Shop only in his capacity as corporate president, and therefore could not be individually liable for the child's injuries. However, "[a] corporate officer is potentially individually liable for his tortious acts even though such acts were committed in the scope of his employment by the corporation." Orlovsky at 1364. The complaint alleges that Peeler, as president of The Tire Shop, Inc., was present at and in control and possession of the premises in the course of his employment as corporate officer, and as corporate officer personally participated in the tortious acts. Under general premises liability principles, a possessor has a duty to exercise ordinary care to prevent a child from being injured by an attractive nuisance. 41 Fla.Jur.2d, Premises Liability, s. 48. On these facts, Peeler is subject to individual liability. See White-Wilson, supra. "For purposes of a motion to dismiss, all facts of the complaint are accepted as true." Orlovsky at 1364, and cases cited therein. The trial court therefore erred in dismissing the third amended complaint as to Peeler individually.
The decision of this court in McDaniel, supra, presents no conflict with the foregoing rationale because it relates solely to lack of vicarious liability for corporate officers who had no personal part by presence or otherwise in the activity alleged. The allusion in that case to their potential liability if premises had been possessed "in their individual capacities and not as corporate officers" (e.s.) has reference only to "individual" or personal control as opposed to the vicarious possession and control with which corporate officers are imbued at all times. Any contrary or broader implication, i.e. that liability requires individual tortious acts outside the scope of corporate employment, would be plainly beyond the issues there before the court and would ascribe to the court an unarticulated and unnecessary intent to disagree with the general body of law to the contrary.[1]
The order is reversed.
WIGGINTON, J., concurs.
THOMPSON, J., dissents with written opinion.
*273 THOMPSON, Judge, dissents.
I dissent. I would affirm the order dismissing with prejudice the plaintiff's third amended complaint as to John P. Peeler, individually. As pointed out by the majority, this court in White-Wilson specifically held, "A corporate officer or agent must be alleged to have acted tortiously in his individual capacity in order to be individually liable." 486 So.2d at 661. The majority further points out that in McDaniel v. Sheffield, 431 So.2d 230 (Fla. 1st DCA 1983), this court held that where officers of a corporation were not individually in possession of property at the time an armed robber entered the premises and killed an employee, the corporate officers did not individually owe a duty to the employee. The decision of the majority is in direct conflict with McDaniel. Peeler was the president of The Tire Shop, Inc., and although he was periodically on the premises, at no time was he ever in possession of the property in his individual capacity. The corporation, The Tire Shop, Inc., was at all times in possession of the property. Peeler never owed any duty to the plaintiffs individually. The Tire Shop, Inc. is the only entity in possession and control of the property and the only entity which had a duty to the plaintiffs. The only duty that Peeler might have to warn the minor plaintiff or to object to his presence on the property would not be an individual duty but would be a corporate duty for which the corporation, not Peeler individually, would be liable. If Peeler had negligently rolled a tire into the minor plaintiff that would be an individual act for which Peeler could be individually liable.
It is clear that under the test set forth in the majority opinion, Peeler is not personally liable. In order to be personally liable he must have breached a duty through personal fault. As stated in the majority opinion:
With regard to the personal fault, personal liability cannot be imposed upon the officer simply because of his general administrative responsibility for performance of some function of his employment. He must have a personal duty towards the injured third person, breach of which specifically has caused the person's damages.
The case of Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981) is cited by the majority and is relied upon in reaching a different conclusion from McDaniel. If Orlovsky does conflict with McDaniel, the McDaniel decision of this court should prevail over a conflicting opinion of the Fourth District Court of Appeal, at least as to cases decided by this court.
I would affirm on the authority of McDaniel.
NOTES
[1] Accord:

A director or officer of a corporation does not incur personal liability for its tort merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong. Accordingly, directors not parties to a wrongful act on the part of other directors are not liable therefor. If, however, a director or officer commits or participates in the commission of a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby, and it does not matter what liability attaches to the corporation for the tort. A contrary rule would enable a director or officer of a corporation to perpetrate flagrant injuries and escape liability behind the shield of his representative character, even though the corporation might be insolvent or irresponsible. (e.s.)
19 Am.Jur.2d, Corporations, section 1382.