THOMPSON, Judge,
dissents.
I dissent. I would affirm the order dismissing with prejudice the plaintiff’s third amended complaint as to John P. Peeler, individually. As pointed out by the majority, this court in White-Wilson specifically held, “A corporate officer or agent must be alleged to have acted tortiously in his individual capacity in order to be individually liable.” 486 So.2d at 661. The majority further points out that in McDaniel v. Sheffield, 431 So.2d 230 (Fla. 1st DCA 1983), this court held that where officers of a corporation were not individually in possession of property at the time an armed robber entered the premises and killed an employee, the corporate officers did not individually owe a duty to the employee. The decision of the majority is in direct conflict with McDaniel. Peeler was the president of The Tire Shop, Inc., and although he was periodically on the premises, at no time was he ever in possession of the property in his individual capacity. The corporation, The Tire Shop, Inc., was at all times in possession of the property. Peeler never owed any duty to the plaintiffs individually. The Tire Shop, Inc. is the only entity in possession and control of the property and the only entity which had a duty to the plaintiffs. The only duty that Peeler might have to warn the minor plaintiff or to object to his presence on the property would not be an individual duty but would be a corporate duty for which the corporation, not Peeler individually, would be liable. If Peeler had negligently rolled a tire into the minor plaintiff that would be an individual act for which Peeler could be individually liable.
It is clear that under the test set forth in the majority opinion, Peeler is not personally liable. In order to be personally liable he must have breached a duty through personal fault. As stated in the majority opinion:
With regard to the personal fault, personal liability cannot be imposed upon the officer simply because of his general administrative responsibility for performance of some function of his employment. He must have a personal duty towards the injured third person, breach of which specifically has caused the person’s damages.
The case of Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981) is cited by the majority and is relied upon in reaching a different conclusion from McDaniel. If Orlovsky does conflict with McDaniel, the McDaniel decision of this court should prevail over a conflicting opinion of the Fourth District Court of Appeal, at least as to cases decided by this court.
I would affirm on the authority of McDaniel.