WIGGINTON, Judge.
Appellant appeals an order denying its motion to dismiss appellee’s amended complaint for lack of personal jurisdiction and to abate the action. We reverse and remand.
In regard to personal jurisdiction, the original complaint filed by appellee ATF Lines, Inc. [ATF] alleged merely:
2. Plaintiff is a Florida corporation licensed to do business and operating in Okaloosa County, Florida as an insurer for commercial transportation trucklines.
3. That the Defendant, MACKENZIE INSURANCE AGENCIES, INC. is a Nevada corporation otherwise writing liability and other insurance which includes the issuance of said insurance in Okaloo-sa County, Florida to ATF LINES, INC. MacKenzie filed a motion to dismiss the
complaint and to abate the action alleging, inter alia, that the court lacked jurisdiction over MacKenzie in that MacKenzie is not licensed to do business in Florida and has not engaged in any activity sufficient to subject it to the jurisdiction of the courts of Florida. An agent of MacKenzie filed an accompanying affidavit stating that Mac-Kenzie had been requested to provide liability insurance for ATF, a Nevada trucking operation; ATF gave its address as Reno, Nevada and MacKenzie procured a liability policy for ATF, at its Reno, Nevada address; MacKenzie was never advised by ATF that its principal place of business was elsewhere and the insurance obtained “was based on tractors and trailers garaged in Reno,” as shown by a schedule attached to the affidavit.
After a hearing, the trial court granted the motion and ATF’s request for leave to amend its complaint. ATF’s amended complaint was identical to the original complaint except that it contained a notarized verification of the contents of the complaint, signed by the executive vice president of ATF.
On the same grounds, MacKenzie moved to dismiss the amended complaint and to abate the action. ATF’s attorney filed only a response, contending that the verified amended complaint sufficiently alleged in personam jurisdiction under section 48.-193(l)(d), Florida Statutes, which provides that Florida courts have jurisdiction over one who contracts to insure any person, property, or risk located in the state at the time of the contract.
We find that, in light of the uncontro-verted documents filed by MacKenzie, ATF’s amended complaint fails to allege sufficient facts to withstand a motion to dismiss for lack of personal jurisdiction. Undisputedly, ATF’s singular basis for the establishment by a Florida court of personal jurisdiction over MacKenzie is section 48.193(l)(d), Florida Statutes. The only allegation made by ATF which even remotely suggested jurisdiction under that statute was its assertion that MacKenzie issued insurance “in Okaloosa County, Florida to ATF....” However, that statement does not allege that MacKenzie issued insurance in Florida to ATF to cover a person, property, or risk located in Florida at the time of contracting. Further, in its motion, affidavit, and attached schedule, MacKenzie countered any remote indication that it had issued insurance to cover a person, property, or risk located in Florida at the time of contracting. Therefore, MacKenzie successfully made a prima facie showing of *176 the inapplicability of the statute, thereby shifting the burden to ATF to support its jurisdictional allegations “by affidavit or other proof.” Aetna Life and Casualty Company v. Therm-o-Disc, Inc., 488 So.2d 83 (Fla. 1st DCA 1986). See also American Baseball Cap, Inc. v. Duzinski, 308 So.2d 639, 646 (Fla. 1st DCA 1975). Unlike the situation in Aetna, MacKenzie did state in its motion to dismiss and uncontroverted affidavit, and showed in its attached supporting evidentiary document, that it did not contract to insure any person, property, or risk located within the state of Florida at the time of contracting. Since ATF failed to overcome or contradict Mac-Kenzie’s prima facie showing of lack of personal jurisdiction, the trial court erred in failing to grant MacKenzie's motion to dismiss for lack of personal jurisdiction.
REVERSED and REMANDED for entry of an order granting MacKenzie’s motion to dismiss the amended complaint. Upon remand, in his discretion, the trial judge may reconsider the motion to abate.
BOOTH and BARFIELD, JJ., concur.