WIGGINTON, Judge.
Appellants appeal an order denying their motions to dismiss for lack of personal jurisdiction and to quash service of process. We reverse.
Even if the allegations of appellees’ complaint against appellants could be construed as adequate to invoke the pertinent portions of the Florida Long-Arm Statute, Sections 48.193(l)(b), (l)(g) and (2), Florida Statutes, appellants sufficiently controverted those allegations by affidavits and testimony. Consequently, the burden shifted to appellees to show, by a preponderance of the evidence, that appellants were subject to jurisdiction in this state pursuant to those statutes. See Jones v. Jack Maxton Chevrolet, Inc., 484 So.2d 43 (Fla. 1st DCA 1986) and MacKenzie Insurance Agencies, Inc. v. ATF Lines, 550 So.2d 174 (Fla. 1st DCA 1989). Appellees clearly failed to meet their burden in this case. Thus, the trial court erred in denying appellants’ motions.
Reversed.
SHIVERS, C.J., and WENTWORTH, J., concur.