554 So.2d 1220 (1990)
Lewis R. PERKINS and Norma L. Perkins, His Wife, Appellants,
v.
Marvin H. SCOTT, Jr., Appellee.
No. 89-00126.
District Court of Appeal of Florida, Second District.
January 5, 1990.
*1221 Rayford H. Taylor of Stiles, Allen & Taylor, P.A., Tallahassee, for appellants.
Raymond T. Elligett, Jr., and William A. Gillen, Jr., of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee.
ALTENBERND, Judge.
The plaintiffs, Mr. Perkins and his wife, appeal a final summary judgment which dismissed their premises liability claim against Mr. Scott, a commercial landlord. The trial court determined that the plaintiffs' claim was barred by workers' compensation immunity. We reverse. Because Mr. Scott is not the statutory employer, he is neither obligated to secure workers' compensation benefits under section 440.10, Florida Statutes (1985), nor is he entitled to immunity under section 440.11, Florida Statutes (1985). Although section 440.11 bars the plaintiffs' claim against Mr. Scott as a coemployee in this case, it does not bar their claim against him in his separate and distinct capacity as a landlord.
Mr. Perkins sustained a work-related injury on March 31, 1986, when he fell down a stairway at his place of employment. At that time, Mr. Perkins worked for S & S Pro Color, Inc., in a building located in Tampa, Florida. There is no dispute that Mr. Perkins applied for and received workers' compensation benefits from S & S Pro Color as his statutory employer.
Mr. Scott and his wife owned the building where Mr. Perkins' accident occurred. They leased their building to S & S Pro Color. The Scotts were also the sole shareholders of S & S Pro Color. Mr. Scott was the president of S & S Pro Color.
The plaintiffs filed suit against Mr. Scott alleging two theories. First, they alleged that Mr. Scott was a coemployee of Mr. Perkins and that his negligence in failing to maintain the stairway caused Mr. Perkins' accident. The trial court correctly dismissed this count because the plaintiffs did not allege that Mr. Scott's conduct involved gross negligence or any other exception to fellow-employee immunity. § 440.11, Fla. Stat. (1985); Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987). The plaintiffs have not appealed the dismissal of this count.
Second, the plaintiffs sued Mr. Scott in his capacity as landlord. They alleged that Mr. Scott breached a duty, as the landowner, to maintain his premises in a reasonably safe condition. Mr. Scott convinced the trial court that he was entitled to workers' compensation immunity concerning these allegations. On appeal, Mr. Scott argues that he is entitled to workers' compensation immunity based either on his status as a coemployee, or on a theory that he is entitled to pierce his corporation's veil and receive its workers' compensation immunity. We reject both arguments.
Mr. Scott's limited liability to Mr. Perkins, as a fellow employee, extends only to their relationship as fellow employees in the course and scope of their mutual employment with S & S Pro Color. His statutory immunity protects him only when he is "acting in furtherance of the employer's business." § 440.11, Fla. Stat. (1985). If Mr. Scott has in fact retained duties, as the owner of the building, separate and distinct from his duties as an employee of S & S Pro Color, fellow-employee immunity provides no protection for negligent breaches of those duties. Mr. Scott's reliance on McDaniel v. Sheffield, 431 So.2d 230 (Fla. 1st DCA), review denied, 440 So.2d 352 (Fla. 1983), is misplaced. McDaniel is distinguishable because, in that case, the individuals who owned the corporate employer were not individually in possession of the leased premises. Thus, those individuals did not owe any duty to their coemployees which was separate and distinct from their duty in the furtherance of the employer's business.
Mr. Scott's potential liability as a landowner is not eliminated by his status as an owner and manager of S & S Pro *1222 Color. Having created a separate corporation to employ Mr. Perkins and having leased the building to that corporation, Mr. Scott does not have the luxury to now pierce the veil of his own corporation to receive the benefit of its immunity. Wilkerson v. Gulfstream Land and Development Corp., 402 So.2d 550 (Fla. 4th DCA 1981), approved, 420 So.2d 587 (Fla. 1982). Cf. § 607.401, Fla. Stat. (1985) (person acting as a corporation is estopped to deny corporate status). If Mr. Scott were sued by a third party who had been injured by an employee of S & S Pro Color in the scope and course of the employee's employment, it is clear that Mr. Scott would raise the corporate veil to protect his individual assets. Mr. Scott is not free to raise the corporate veil to block liability and yet lower it to receive immunity.
This case is very similar to Wilkerson. In Wilkerson, the plaintiff sustained work-related injuries while on premises owned by a corporation which was the parent corporation of his corporate employer. The Fourth District held that the parent corporation of the corporate employer was not statutorily immune from the plaintiff's liability claim, even though the corporate employer had paid workers' compensation benefits to the plaintiff. Although the Wilkerson corporate employer was a wholly owned subsidiary of the corporate landowner, the same reasoning applies to a corporate employer that is wholly owned by an individual landowner.
An individual receives numerous legal advantages by creating a corporation. One advantage permits the corporation, rather than the individual, to be liable to secure workers' compensation benefits under section 440.10. Since the obligation to secure workers' compensation benefits is the quid pro quo for the immunity, it follows that the individual who is not obligated to secure workers' compensation benefits is not entitled to workers' compensation immunity.
On appeal, Mr. Scott argues that he owed no duty to the plaintiffs because, in his capacity as landlord, he delivered complete possession and control of the leased premises to S & S Pro Color as the tenant. See Veterans Gas Co. v. Gibbs, 538 So.2d 1325 (Fla. 1st DCA 1989); Stolzenberg v. Forte Towers S., Inc., 430 So.2d 558 (Fla. 3d DCA 1983). This argument, however, was not presented as a ground for summary judgment in the trial court, and the plaintiffs were not asked to respond to this issue in that court. Accordingly, we decline to review this issue.
Reversed and remanded for further proceedings consistent herewith.
FRANK, A.C.J., and PATTERSON, J., concur.