652 So.2d 936 (1995)
Garrett Blake BEAUBIEN; Scott Carhart Beaubien; Taylor Stuart Beaubien; Kelly Lynn Casperone; and Kennedy Wilde Casperone, Appellants,
v.
CAMBRIDGE CONSOLIDATED, LTD. and Dwaine Carr, Appellees.
No. 93-1840.
District Court of Appeal of Florida, Fifth District.
March 31, 1995.
*937 Susan E. Trench of Goldstein & Tanen, P.A., Miami, for appellants.
George E. Adams of Adams, Hill, Reis, Adams, Hall Schieffelin, Orlando, for appellees.
W. SHARP, Judge.
Garrett Blake Beaubien, Scott Carhart Beaubien, Taylor Stuart Beaubien, Kelly Lynn Casperone, and Kennedy Wilde Casperone, the alleged beneficiaries of a trust established by Joseph Casperone, appeal from an order granting both Cambridge Consolidated Limited's motion to dismiss for lack of personal jurisdiction over it, and Carr's motion to dismiss as to him for failure to state a cause of action. Cambridge is the trustee of the alleged trust and Carr was alleged to have acted as Cambridge's director and manager at all relevant times. We reverse.
Cambridge is a nonresident corporation, incorporated under the laws of the Isle of Mann. It is the trustee of a trust established in the Cayman Islands in 1984, which was commenced with a fund totalling $500,000.00. Derek Sambrook was the original trustee and in 1985, Sambrook appointed Cambridge as successor trustee. The complaint alleged that Sambrook, as a director of Cambridge, managed the trust and made all business decisions for it. The complaint further alleged that since 1989, Carr succeeded Sambrook as the director for Cambridge, and has overseen the management of the trust. Carr is a Florida attorney and is clearly subject to the jurisdiction of the Florida courts.
Count One of the complaint seeks an accounting from Cambridge for trust assets. Appellants allege the trustee has a duty under the trust documents to render an accounting to the trust beneficiaries, but it has failed to do so. Much of the trust fund was invested in Texas (a real estate mortgage which has been foreclosed), but the complaint alleged some $100,000.00 remains unaccounted for, and some of those trust assets were held in an account titled "Antoinette Limited," at the Barnett Bank in Orlando.
With regard to Carr the complaint alleged that in addition to the facts recited above, Carr breached his fiduciary duty to appellants by mismanaging the trust business and failing to account for the Antoinette bank account, which was zeroed out after the suit was filed, while Carr was in control of the account. They alleged:
Carr has acted with personal, conscious bad faith in failing to protect and administer the Trust assets, despite the fact that he accepted the responsibility for doing so, on behalf of Cambridge. Carr's conduct in administering or failing to administer the Trust assets falls below the standard of care required for one who is administering the assets of another. His actions and/or failure to act are the direct and proximate cause of any loss to the Trust assets.

I. Whether the Complaint States a Cause of Action Against Carr
Whether a complaint states a cause of action against a party, when challenged by a motion to dismiss, as in this case, must be addressed by looking solely at the complaint itself. Scavella v. School Board of Dade County, 363 So.2d 1095 (Fla. 1978); Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981); DeWitt v. Zimmerman, 366 So.2d 46 *938 (Fla. 4th DCA 1978); First Church of Christ Scientist v. City of St. Petersburg, 344 So.2d 1302 (Fla. 2d DCA 1977). Carr's motion to dismiss states simply that the complaint wholly fails to show any fiduciary duty on the part of Carr to the plaintiffs:
The complaint only alleges that Carr was U.S. Director for the Cambridge Corporation and does not show anything further as to Carr's relationship to the Plaintiffs or any duty owed to the Plaintiffs by Carr.
Carr stated in his motion to dismiss that his authority to act for Cambridge was as a nonexecutive director, solely with Sambrook's prior written consent. He also filed an affidavit in which he swore he acted solely in his capacity as a practicing attorney, representing the corporate entity, Cambridge. Carr's deposition of record reiterates this position.
Carr's allegations in his motion to dismiss counter the allegations of the amended complaint, putting at issue the nature of Carr's relationship to the corporate trustee and the capacity in which he was acting. At this point in the case, the appellant-beneficiaries did not have to file counteraffidavits opposing Carr's affidavit and deposition testimony, since no motion for summary judgment had been made by Carr. See Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981); Hoppe v. Hoppe, 370 So.2d 374 (Fla. 4th DCA 1978), cert. denied, 379 So.2d 206 (Fla. 1979).
But even if Carr had moved for summary judgment, the appellants had other proofs of record which put at issue the nature of Carr's activities on behalf of Cambridge. See Littman v. Commercial Bank and Trust Co., 425 So.2d 636 (Fla. 3d DCA 1983). For example, Carr did not deny he wrote a letter to the settlor of the trust dated Sept. 18, 1989, in which he declared Sambrook was no longer a director of Cambridge, that he was "the U.S. Director of the Company," and that all further mail regarding the trust should be addressed to him. Further, Margaret Casperone, the wife of the trust settlor, stated in her deposition which is filed in the record, that Carr told her he was the managing director of Cambridge and that he was the trust administrator and operator. And, according to the deposition of the attorney retained to foreclose the Texas real estate mortgage, Carr directed his actions and made business decisions for the trust.
At this point in the proceedings, the trial court should not have dismissed the amended complaint for failure to state a cause of action against Carr. It is well settled that an individual acting for a corporate trustee may be personally liable to third persons injured by his actions even if the individual was acting as agent for the corporation.[1] Such corporate agents owe duties not only to the corporation, but also to the beneficiaries of a trust administered by the corporation. William Fratcher, IV Scott on Trusts, § 326.3 (1989). In this case, the plaintiffs clearly alleged that Carr was acting as the corporate trustee's agent  manager  administrator  and that his actions or inactions caused them a loss. Under Florida law, such an individual may be held personally liable where a tort has been committed. See Shee-Con, Inc. v. Al Seim Appraisal Service, Inc., 427 So.2d 311 (Fla. 5th DCA 1983); Lee B. Stern & Co., Ltd. v. Green, 398 So.2d 918 (Fla. 3d DCA 1981); Adams v. Brickell Townhouse, Inc., 388 So.2d 1279 (Fla. 3d DCA 1980); Dade Roofing and Insulation Corp. v. Torres, 369 So.2d 98 (Fla. 3d DCA 1979).
In re USACafes, L.P. Litigation, 600 A.2d 43 (Del. 1991) is a case close in point. There, individuals who were directors of a general partnership, the alleged trustee, who knowingly participated in a breach of trust, were held personally liable to persons wronged by the partnership. The court declared the individuals also owed them a fiduciary duty:
The law of trust is the earliest expression of this duty, but it applies to corporate directors in control of property. The problem *939 comes up in trust law because modern corporations may serve as trustees of express trusts.
Further, the allegations of the complaint were sufficient to require Carr to allege and prove he did not hold and dispose of trust property, which had been placed under his control (i.e., the funds in the bank account).[2] No particular words are necessary to create a trust. Any statement that shows ownership or control of property is vested in one person for the benefit of another is sufficient. It is not necessary that the words "trust" or "trustee" be used. Voorhies v. Blood, 127 Fla. 337, 173 So. 705 (1937). Equity uses implied and constructive trusts to reach individuals who are in possession of trust funds or who have wrongfully disposed of them.[3] In this case, the allegations are at least sufficient to require Carr to account for the claimed trust funds in the bank held and disposed of while he was in control of the account.[4]

II. Personal Jurisdiction Over Cambridge
To obtain jurisdiction over a nonresident defendant, the plaintiff must plead the basis for such jurisdiction as set out by the language of the statute. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989). By itself, the filing of a motion to dismiss on the grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. If the relevant facts set forth in the respective affidavits are in direct conflict, then the trial judge should hold a limited evidentiary hearing on the issue of jurisdiction. Doe v. Thompson, 620 So.2d 1004 (Fla. 1993); Venetian Salami Company; Wartski v. Sencer, 615 So.2d 794 (Fla. 5th DCA 1993); World Metals, Inc. v. Townley Foundry and Machine Co., Inc., 585 So.2d 1185 (Fla. 5th DCA 1991).
The appellants contend that Florida has jurisdiction over Cambridge pursuant to section 48.193(1)(a), (b) or (g). This statute provides:
48.193. Acts subjecting person to jurisdiction of courts of state
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
* * * * * *
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
In count I, the appellants seek an accounting against Cambridge, citing paragraph 10 of the trust instrument. However, basic equity and trust principles provide for such a remedy against any person who holds or controls property for another.[5] Appellants *940 further allege they have requested such an accounting and have been denied any reply. They also allege that trust assets were held in an Orlando bank account, and have been disbursed without any explanation or accounting. These allegations appear sufficient to show a breach of trust may have occurred in Florida, regarding trust assets held in Florida, by the activities of the trust's managing agent here for its failure to account for trust assets. § 48.193(b), Fla. Stat.; Wilks v. Swift and Company, 382 So.2d 1364 (Fla. 1st DCA 1980).[6]
In Carr's affidavit filed in support of his motion to dismiss, he alleged that Cambridge has never done business in Florida, has no Florida office, and has no agency or presence in this state. No counter-affidavits were filed by the appellants, but they rely on depositions in the record to rebut Carr's affidavit. These matters were referred to above in part one of this opinion. Among others, there is a letter from Carr, which he does not deny writing, asserting that he is the U.S. director of Cambridge and that all further communications regarding the trust should be directed to him. The Texas attorney and the wife of the settlor also have deposition statements asserting that Carr either told them he was the active agent and manager for the trust, or implied he was. He does not deny making those statements in his affidavits. Nor does he deny in his affidavit that the funds in the Antoinette account were trust funds, and that they disappeared while he was in control and managing the trust.
At this point in these proceedings, the most one can conclude is that the parties have put at issue the capacity in which Carr was acting; i.e., only as attorney for Cambridge or as Cambridge's managing agent. But appellants' allegations that Carr, as Cambridge's agent, held trust assets in a bank account under his control and disbursed them without any accounting to appellants was not even denied or countered by Carr's affidavit.
At most, the trial court should have held an evidentiary hearing to resolve the fact issues raised by Carr's affidavit. Doe; Venetian Salami Co. At that hearing, a basis might have been developed to dismiss the complaint against Cambridge. However, as the case presently stands, the amended complaint should not have been dismissed for lack of personal jurisdiction over Cambridge.
We further conclude that the forum selection clause in the trust document, which provided for exclusive jurisdiction in the Cayman Islands, is not determinative. Forum selection provisions which have been obtained through freely negotiated agreements are valid, unless shown by the resisting party to be unreasonable or unjust. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986); Tuttle's Design-Build Inc. v. Florida Fancy, Inc., 604 So.2d 873 (Fla. 2d DCA 1992). Where a trial in the contractual forum will be so gravely difficult and inconvenient that a party will for all practical purposes be deprived of his day in court, the forum selection clause is unenforceable. M/S Bremen, 407 U.S. at 17, 92 S.Ct. at 1917; Manrique, 493 So.2d at 440, n. 4. Here, neither the beneficiaries, Cambridge, nor Carr signed the trust agreement. Cambridge is a dissolved corporation and Carr is a resident of the United States; thus there is no resident or entity to bring an action against in the Cayman Islands. To enforce the forum selection clause in these circumstances *941 would effectively deprive the parties of their day in court.
REVERSED and REMANDED.
GRIFFIN, J., concurs and concurs specially with opinion.
THOMPSON, J., dissents with opinion.
GRIFFIN, Judge, concurring specially.
I concur in Judge Sharp's opinion. The affidavit of Carr, who professes to be no more than counsel to Cambridge, and who has maintained that position throughout discovery, cannot suffice to defeat jurisdiction over Cambridge. He cannot be one thing for one purpose and another when it suits a different purpose.
THOMPSON, Judge, dissents, with opinion.
I would affirm the decision of the trial court that it did not have in personam jurisdiction over appellee Cambridge and that the complaint failed to state a cause of action against appellee Carr. This court holds that Florida has jurisdiction over Cambridge because "[T]hese allegations appear sufficient to show a breach of trust may have occurred in Florida, regarding trust assets held in Florida, by the activities of the trust's managing agent here for its failure to account for trust assets." This holding determines that jurisdiction over Cambridge is proper because Carr may have committed a tortious act in Florida. See § 48.193(b), Fla. Stat. (1991). I disagree. First, Florida never obtained long-arm jurisdiction over Cambridge by Florida's long-arm statute. § 48.193, Fla. Stat. (1991). Second, although Florida does have jurisdiction over Carr because he is a lawyer who practices in Orange County and is a resident of Seminole County, the complaint's allegations and the deposition testimony are insufficient to establish a cause of action against Carr. Finally, the parties are bound by a forum selection clause in the trust agreement.
The trial court properly found there was no long-arm jurisdiction over Cambridge. Carr and Cambridge submitted an affidavit showing that no transactions took place in Florida and the trust never conducted any business in Florida. Therefore, section 48.193(a), Florida Statutes (1991), did not apply in this case. Further, there is no trust requirement that an accounting be done in Florida. Since Carr had no duty to perform in Florida, he could not breach a duty to perform. Hence, section 48.193(g), Florida Statutes (1991), did not apply. Carr also stated that Cambridge was a dissolved foreign corporation. The only nexus between Cambridge and Florida was that Carr was their lawyer and had an office in Florida. That nexus is insufficient to have Cambridge haled into a Florida court. Even if the appellants plead sufficient jurisdictional facts, the record established that Cambridge had insufficient minimum contacts with this state. Jurisdiction obtained by meeting statutory requirements alone will not suffice; minimum contacts must also be established. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989). Once Carr's affidavit had been filed, it was appellants' obligation to file a counter affidavit or to refute the affidavit by testimony. As appellants failed to refute the affidavit contesting jurisdiction, they did not meet their burden to prove that use of the long-arm statute was appropriate. See Passy v. Lewis, 553 So.2d 223 (Fla. 1st DCA 1989), review denied, 563 So.2d 633 (Fla. 1990).
The trial court properly granted the motion to dismiss the complaint against Carr. Appellants' complaint does contain sufficient allegations to give the trial court jurisdiction over Carr because he is a lawyer who practices in Orange County and he is a resident of Seminole County, Florida, however, it contains insufficient allegations to establish a cause of action against Carr. The complaint sues Carr in his individual capacity and as trustee. Carr, in his affidavit, swore that he was not an executive director of Cambridge and that he had no power over the corporation at all. He swore that he was only the lawyer for the corporation and that he never had any right to handle the corporation's funds. In his motion to dismiss, Carr also alleged that the complaint failed to show that he owed the appellants a fiduciary duty or to allege that he was the trust administrator because, under the declaration trust terms, he could not be vested with trust powers. *942 Although there was conflicting evidence from the depositions of Carr and other witnesses,[1] appellants never filed an affidavit in opposition to Carr's affidavit. The trial court correctly determined that Carr's actions were insufficient to establish a cause of action against him.
Finally, the trial court held that the parties were bound by the forum selection clause of the trust agreement. The paragraph reads in pertinent part:
THIS settlement is established under the laws of the said Cayman Islands and if and so long as the powers contained in ... Clause 9 hereof shall not have been exercised[,] the rights of all parties and the construction and effect of each and every provision hereof shall be subject to the exclusive jurisdiction of and construed only according to the law of the said Cayman Islands. (emphasis supplied).
The parties have agreed to be bound by the laws of another country, the Cayman Islands. Absent a showing of fraud, undue influence or overweening bargaining power exercised by one party over the other at the time of execution of the trust document, we must respect their election of the forum to decide their litigation. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986). For these reasons, I respectfully dissent.
NOTES
[1] 2 Fla.Jur.2d Agency §§ 82, 83 (1977); 8 Fla. Jur.2d Business Relationships §§ 334, 339 (1978); Kerry's Bromeliad Nursery, Inc. v. Reiling, 561 So.2d 1305 (Fla. 3d DCA 1990); McElveen By and Through McElveen v. Peeler, 544 So.2d 270 (Fla. 1st DCA 1989); P.V. Construction Corp. v. Kovner, 538 So.2d 502 (Fla. 4th DCA 1989); Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981).
[2] A person who receives trust money and deals with it in a manner inconsistent with the terms of the trust of which he is aware, is personally liable for the consequences. William Fratcher, IV Scott on Trusts §§ 326.4, 326.5; 56 Fla.Jur.2d Trusts § 121 (1985).
[3] 76 AmJur.2d Trusts § 200.
[4] 76 AmJur.2d Trusts § 405.
[5] Weiss v. Courshon, 618 So.2d 255 (Fla. 3d DCA 1993) (such trust beneficiary has an enforceable right to an accounting from a trustee); Gruder v. Gruder, 433 So.2d 23 (Fla. 4th DCA 1983), rev. denied, 438 So.2d 832 (Fla. 1983) (trustee and beneficiary was entitled to temporary injunction to prevent removal of assets when he was unable to obtain reliable accounting of trust's liquid assets); In re Wickman's Will, 289 So.2d 788 (Fla. 2d DCA 1974) (beneficiaries entitled to bring trustees to account for breach of fiduciary responsibility if trustees failed to file accounting, improperly value assets or fail to account for all the assets in the corpus of the trust).
[6] Symons Corporation v. Tartan-Lavers Delrey Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984) (when in the usual course of business of a corporation, an officer or other agent is held out by the corporation or has been permitted to act for it or manage its affairs in such a way to justify third persons who deal with him in inferring or assuming that he is doing an act within the scope of his authority, the corporation is bound thereby); Edward J. Gerrits, Inc. v. McKinney, 410 So.2d 542 (Fla. 1st DCA), rev. denied 419 So.2d 1196 (Fla. 1982) (same); Dade County Dairies, Inc. v. Projected Planning Co., 158 So.2d 565 (Fla. 3d DCA 1963), cert. denied, 166 So.2d 753 (Fla. 1964) (corporation was bound by the actions of its office manager). See also Excel Handbang Co. v. Edison Brothers Stores, 428 So.2d 348 (Fla. 3d DCA 1983) (a corporation may be subject to jurisdiction when it transacts business through its agents operating in the forum state).
[1] One witness testified during his deposition that Carr's activities were equally consistent with his duties as a lawyer for the trust or as a trustee.