POLEN, Judge.
We reverse the final summary judgment entered in favor of appellee Barry Reed on Wade Williams’ suit for personal injuries incurred when a swamp buggy lurched forward and injured Williams. Williams sued Reed as the owner of the swamp buggy, although Reed was also vice president of Williams’ employer, and the accident occurred under circumstances that Williams was covered under the workers’ compensation law for his injuries. Reed’s motion for summary judgment was based on his contention that he was not an owner of the swamp buggy, and that Williams’ exclusive remedy was under workers’ compensa *358 tion (i.e., to the extent Reed was being sued as Williams’ employer or co-worker, he was immune from tort liability under the provision of sections 440.09 and 440.11, Florida Statutes (1993)). Because there was conflicting evidence regarding Reed’s possible ownership interest in the swamp buggy, there exist material issues of fact which would preclude summary judgment. Moore v. Morris, 475 So.2d 666 (Fla.1985).
Perkins v. Scott, 554 So.2d 1220 (Fla. 2d DCA 1990), upon which plaintiff relies, presents a factually analogous situation to this case and strongly suggests that the workers’ compensation exclusivity principle would not shield a co-worker from liability premised on his status as owner of the swamp buggy.
In Perkins, Mr. Perkins sustained an injury when he fell down some stairs at his place of employment. The statutory employer was a corporation established by the Scotts, S & S Pro Color, Inc., of which Mr. Scott was president. Mr. Perkins had claimed and received workers’ compensation benefits from the corporation as the statutory employer. The Scotts were the owners of the property, which they leased to the corporation. The second district determined that although section 440.11 barred Mr. Perkins’ claim against Mr. Scott as a co-employee, it did not bar the claim against Mr. Scott “in his separate and distinct capacity as a landlord.” The court explained:
Mr. Scott’s limited liability to Mr. Perkins, as a fellow employee, extends only to their relationship as fellow employees in the course and scope of their mutual employment with S & S Pro Color. His statutory immunity protects him only when he is “acting in furtherance of the employer’s business.” Sec. 440.11, Fla. Stat. (1985). If Mr. Scott has in fact retained duties, as the owner of the building, separate and distinct from his duties as an employee of S & S Pro Color, fellow-employee immunity provides no protection from negligent breaches of those duties.
Id. at 1221. Thus, the second district concluded that it was not proper to enter summary judgment in favor of Mr. Scott on the basis that Mr. Perkins’ claim was barred by workers’ compensation immunity.
Similar to the separate and distinct status of Mr. Scott in Perkins, in addition to being a co-employee of plaintiff, there is at least a factual question as to whether Reed in the instant case occupied the status of owner of the swamp buggy. If he did, then Perkins suggests that his liability as owner of the swamp buggy was not limited by the workers’ compensation immunity afforded him as a co-employee.
Furthermore, a co-employee is protected by workers’ compensation exclusivity only when the co-employee is acting “in furtherance of the employer’s business.” See § 440.11, Fla. Stat. (1993). We agree with Williams that there was at least a factual question as to whether the presence of the swamp buggy at the employment site was “in furtherance of the employer’s business.” The record evidence does not indicate for what purpose the buggy was being used or prepared at the time of the accident. Although Reed answered affirmatively to the interrogatory asking whether the swamp buggy was “ever used in any way in the business of, or for the benefit of Shoreline Foundation, Inc.,” Reed’s deposition testimony indicated only recreational use of the swamp buggy on the weekends. Therefore, a material fact question existed as to whether Reed’s act of having the swamp buggy at the employment site was “in furtherance of the employer’s business.”
Because of the presence of these material issues of fact, summary judgment was improper on either of the grounds asserted by Reed. We reverse and remand for further proceedings.
DELL and GUNTHER, JJ., concur.